ACCEPTED
03-16-00581-CV
14442075
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/23/2016 3:21:04 PM
JEFFREY D. KYLE
CLERK

**No. 03-16-00581-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/23/2016 3:21:04 PM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

**BROOKE BRUCE,**

**Appellant,**

**v.**

**CARTER BRUCE,**

**Appellee.**

On Appeal from the 345th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-FM-06-002028

**APPELLANT'S BRIEF ON THE MERITS**

Kacy L. Dudley
State Bar No. 24069638
DUDLEY LAW, PLLC
1717 West Sixth Street, Suite 315
Austin, Texas 78703
(512) 617-3975 (telephone)
(512) 479-7910 (facsimile)
kdudley@dudley-law.com

COUNSEL FOR APPELLANT

1 – BRIEF OF APPELLANT BROOKE BRUCE

## IDENTITY OF PARTIES AND COUNSEL

**Appellant/Respondent:**     Brooke Bruce (mother and child support obligee)

**Counsel for Appellant:**     Kacy Dudley
DUDLEY LAW, PLLC
1717 West Sixth Street, Suite 315
Austin, Texas 78703
Telephone: (512) 617-3975
Facsimile: (512) 479-7910
kdudley@dudley-law.com

**Appellee/Petitioner:**     Carter Bruce (father and child support
obligor)

**Counsel for Appellee:**     CECILIA M. WOOD
ATTORNEY AND COUNSELOR AT LAW, P.C.
Capitol Center
919 Congress Avenue, Suite 830
Austin, Texas 78701
Telephone: (512) 708-8783
Facsimile: (512)708-8787

**Appellee/Respondent**     State of Texas, by and through the Office of the
**Attorney**     General, Child Support Division

**Counsel for Appellee:**     Brittany Baumgartner
Assistant Attorney General
508 Old Austin Hutto Rd.
Pflugerville, Texas 78660
Telephone: (512) 339-1135
Facsimile: (512) 339-9051

# TABLE OF CONTENTS

Identity of Parties and Counsel ..............................................................2

Table of Contents ...................................................................................3

Index of Authorities ................................................................................5

Statement of the Case .............................................................................8

Statement on Oral Argument....................................................................9

Issues Presented for Review.....................................................................9

Statement of Facts ...................................................................................9

    A.  Appellee Owed a Duty to Pay Monthly Periodic Child Support for the Support of the Child ..........................................................................9

    B.  Appellee Carter Bruce Began a Pattern of Inconsistently Paying Support Despite Having the Financial Ability to Pay Support............................ 11

    C.  The Record Reflects Contradictory Evidence Regarding the $10,000, $1,000, and $1,816.23 Offset Claims..................................................... 12

    D.  Personal and Business Financial Transactions Between the Parties After Their Divorce Were Not Child Support Payments ................................. 15

    E.  Attorney's Fees Incurred by Brooke Bruce ........................................ 16

Summary of the Argument ..................................................................... 17

Argument............................................................................................. 18

    I.  A DECISION REGARDING THE CONFIRMATION OF CHILD SUPPORT ARREARAGE IS REVIEWED FOR AN ABUSE OF DISCRETION 18

    II.  THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING AN OFFSET TO CHILD SUPPORT ARREARAGE THAT IS NOT AUTHORIZED BY STATUTE OR OTHER LAW ................................................................20

        A.  Unpaid Child Support Is an Unfulfilled Duty to a Child ....................... 21

        B.  Once the Court Found a Child Support Arrearage, the Trial Court Has an Affirmative Duty to Render Judgment on the Arrearages ........................... 21

        C.  Discretionary Payments to Third Parties Are Not Considered Child Support ....................................................................................... 26

D.The Trial Court Abused Its Discretion Because It Incorrectly Applied the Law Regarding Allowable Child Support Offsets ........................................27

    i. The $10,000 and $1,000 Offsets Are Not Statutorily Permissible Offsets or Offsets Contemplated by Ochsner ..........................................28

    ii. The $1,816.83 to the County Tax Assessor Is Not Permissible Offset ...................................................................................................................31

III. AN OBLIGOR'S CONCLUSORY STATEMENTS ABOUT THE DISCHARGE OF A CHILD SUPPORT OBLIGATION THAT ARE CONTRADICTED BY OTHER EVIDENCE ARE NO MORE THAN A SCINTILLA OF EVIDENCE ENTITLING HIM TO AN OFFSET ...................31

IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR ATTORNEY'S FEES DESPITE MANDATORY DUTY IMPOSED BY §157.167 OF THE FAMILY CODE IN A CHILD SUPPORT CASE ...............35

A. A Decision Regarding the Award of Attorney's Fees in a Child Support Enforcement Action is Reviewed De Novo ..............................................35

B. It Is Error to Deny an Award Attorney's Fees in a Suit to Enforce Child Support ............................................................................................................36

Prayer ........................................................................................................................38

Appendix ..................................................................................................................41

**Cases**

*Adair v. Martin*, 595 S.W.2d 513 (Tex.1980) ........................................................ 21

*Attorney Gen. of Texas v. Stevens*, 84 S.W.3d 720 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ................................................................ 19, 22, 23

*Beck v. Walker,* 154 S.W.3d 895 (Tex. App.-Dallas 2005, no pet.). ................ 18, 23

*Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415 (Tex. App.—Dallas 2012, no pet.) ................................................................................................ 32

*Berner v. Ferris*, 538 S.W.2d 658 (Tex. Civ. App.—Amarillo 1976, no writ) ...... 32

*BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789 (Tex.2002) ............... 19

*Chenault v. Banks*, 296 S.W.3d 186 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ................................................................................................ 22, 26, 31

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex.2005) ........................................ 20

*Curtis v. Curtis*, 11 S.W.3d 466 (Tex. App.—Tyler 2000, no pet.) ....................... 20

*Doyle v. Doyle,* 955 S.W.2d 478 (Tex. App.-Austin 1997, no pet.); ................ 18, 19

*Ekstrom v. Teems*, 14-96-01180-CV, 1998 WL 93744 (Tex. App.—Houston [14th Dist.] Mar. 5, 1998, pet. denied) ........................................................ 37

*Finley v. May*, 154 S.W.3d 196 (Tex. App.—Austin 2004, no pet.). .................... 35

*Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863 (Tex.2009) ....... 35

*Gevinson v. Manhattan Construction Company of Oklahoma*, 449 S.W.2d 458 (Tex.1969) ................................................................................................ 32

*Higgins v. Higgins*, 05-98-02014-CV, 2000 WL 1264636, at *3 (Tex. App.— Dallas Sept. 7, 2000, no pet.) ...................................................................... 28

*Higgins v. Smith,* 722 S.W.2d 825, 828 (Tex. App.-Houston [14th Dist.] 1987, no writ) ......................................................................................................... 33

*In re A.B.C.*, 04-99-00113-CV, 2001 WL 191557, (Tex. App.—San Antonio Jan. 31, 2001, pet. denied) ................................................................................. 23

*In re A.L.S.,* 338 S.W.3d 59 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) 36

*In re C.S.*, 2014 WL 972310 (Tex. App.—Eastland Mar. 6, 2014, no pet) ...... 25, 28

*In re J.C.T,* 05-12-01290-CV, 2014 WL 3778909 (Tex. App.—Dallas July 31, 2014, pet. denied) ....................................................................................... 28

*In re J.S.H.*, No. 06-09-00101-CV, 2010 WL 1568463 (Tex. App.-Texarkana Apr.21, 2010, no pet.) (mem. op.) ................................................................ 23

*In re S.R.O.*, 143 S.W.3d 237 (Tex. App.—Waco 2004, no pet.) .......................... 21

*James T. Taylor and Son, Inc. v. Arlington Independent School District*, 160 Tex. 617, 335 S.W.2d 371 (1960) ............................................................................ 32

*Johnson v. Johnson*, 03-02-00427-CVC, 2005 WL 3440773 (Tex. App.—Austin Dec. 16, 2005, no pet.) ................................................................................... 35

*Lee v. Kaufman*, 03-10-00148-CV, 2011 WL 3796175 (Tex. App.—Austin Aug. 26, 2011, no pet.) ........................................................................................... 18

*Long v. Griffin*, 442 S.W.3d 253 (Tex. 2014). ........................................... 37

*Mai v. Mai,* 853 S.W.2d 615 (Tex. App.-Houston [1st Dist.] 1993, no writ)). ....... 19

*McFadden v. Deedler*, 03-13-00486-CV, 2014 WL 4364540 (Tex. App.—Austin Aug. 27, 2014, no pet.) ............................................................................... 35

*Medrano v. Medrano*, 810 S.W.2d 426 (Tex. App.-San Antonio 1991, no writ).. 26, 31

*Office of Attorney Gen. of State v. McBee*, 01-08-00433-CV, 2009 WL 2961245 (Tex. App.—Houston [1st Dist.] Sept. 17, 2009, no pet.) ............................. 23

*Office of Atty. Gen. of Texas v. Scholer*, 403 S.W.3d 859 (Tex. 2013) ...... 21, 25, 30

*Pioneer Land & Cattle Co. v. Collier*, 07-12-00320-CV, 2013 WL 2150814 (Tex. App.—Amarillo May 15, 2013, no pet.) ...................................................... 32

*Ragsdale v. Progressive Voters League,* 801 S.W.2d 880 (Tex.1990) (per curiam) ............................................................................................................. 33

*Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water,* 336 S.W.3d 619 (Tex.2011) .......................................................................................... 35

*Russell v. Russell*, 478 S.W.3d 36 (Tex. App.—Houston [14th Dist.] 2015, no pet.). ............................................................................................................. 36

*Scruggs v. Linn*, 443 S.W.3d 373 (Tex. App.—Houston [14th Dist.] 2014, no pet.). ............................................................................................................. 37

*Smith v. Patrick W.Y. Tam Trust,* 296 S.W.3d 545 (Tex.2009) .................... 31

*Trico Techs. Corp. v. Montiel,* 949 S.W.2d 308 (Tex. 1997) ....................... 32

*Tucker v. Thomas*, 419 S.W.3d 292 (Tex.2013) ........................................ 36

*Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328 (Tex.1998) ......... 20

*Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241(Tex. App.-Houston [14th Dist.] 1999, pet. denied) ................................................................... 19

*Walker v. Packer,* 827 S.W.2d 833 (Tex.1992) (orig.proceeding) .............. 19, 35

*Williams v. Patton,* 821 S.W.2d 141 (Tex. 1991) ..................................... 21

*Zeifman v. Michels,* 212 S.W.3d 582 (Tex. App.—Austin 2006, pet. denied) 19, 20, 33

**Statutes**

Tex. Fam. Code § 154.183 ................................................................. 36

Tex. Fam. Code Ann. § 157.002 .......................................................... 27

Tex. Fam. Code Ann. § 157.162 ...................................................... 27, 36

Tex. Fam. Code Ann. § 157.166 .......................................................... 27

Tex. Fam. Code Ann. § 157.167 (West 2016) ..................... 18, 35, 36, 37

Tex. Fam. Code Ann. § 157.263 (West 2016) ............... 17, 21, 22, 25, 29

Tex. Fam. Code Ann. §§ 157.008-.009 ........................................... 23, 29

## STATEMENT OF THE CASE

*Nature of the case.* Appellee, Carter Bruce, sued Appellant, Brooke Bruce, to recover child support payments made in excess of child support order. (C.R. at 43, 144). Appellant filed a counterclaim requesting an enforcement of the child support order and confirmation of child support arrears. (C.R. at 133). Both Appellant and Appellee requested attorney's fees. (C.R. at 46, 138). The Office of the Attorney General on behalf of the State of Texas filed a general denial. (C.R. at 48).

*Course of proceedings.* After a trial to the court, the court found that appellee failed to timely make child support payments in the amount of $22,965.00 and that appellee failed to timely make medical support in the amount of $939.39, but then granted offsets to appellee in the amount of $19,816.83. (C.R. at 185-187; App. Tab 1). The Court also denied both requests for attorney's fees. Appellant filed a motion to modify correct or reform the judgment and a motion for new trial, which was overruled. (Motion for new trial, C.R. at 190; motion to modify, correct or reform not included in clerk's record, supplemental request filed and pending). The court subsequently heard appellee's Motion for Judgment Nunc Pro Tunc, which asserted that the final order originally signed by the court was lost by the clerk's office and that the court should back-date the final order to the date the lost order was signed. (C.R. at 205). The trial court denied the Motion for Judgment Nunc Pro Tunc but has not yet signed an order.

*Trial court disposition.* The trial court judicially rendered judgment on March 1, 2016 and signed the final judgment on June 20, 2016. (C.R. at 185; App. Tab 1).

## STATEMENT ON ORAL ARGUMENT

Appellant does not request oral argument.

## ISSUES PRESENTED FOR REVIEW

Issue 1: Did the trial court abuse its discretion by awarding Appellee Carter Bruce a credit to his confirmed child support arrearage for three payments that do not constitute allowable offsets permitted by the Texas Family Code or other law?

Issue 2: Did the trial court abuse its discretion by awarding Appellee Carter Bruce a credit to his confirmed child support arrearage when there is no more than a scintilla of evidence proving he is entitled to an offset?

Issue 3: Did the trial err by denying Appellant Brooke Bruce's request for attorney's fees in a Motion for Enforcement of Child Support?

## STATEMENT OF FACTS

### A. Appellee Owed a Duty to Pay Monthly Periodic Child Support for the Support of the Child

Appellant, Brooke Bruce, and Appellee, Carter Bruce, are the parents of one child, ., now age 20. (C.R. at 5). Appellant and appellee divorced on October 4, 2007, and their Decree of Divorce ordered appellee to pay monthly

periodic child support in the amount of $1,500.00 beginning April 1, 2007, and then an increased amount ($1,750.00) beginning on April 1, 2008. (C.R. at 22). The Decree of Divorce required appellee to pay child support until either their son reached the age of 18 or until he graduated from high school, whichever was later. (C.R. at 22). Appellant was assigned the exclusive right to receive child support. (C.R. at 22). The Decree of Divorce required that child support payments be made through the state disbursement unit. (C.R. at 24). Appellee admits to being aware that the Decree of Divorce ordered him to make child support payments through the state disbursement unit child support registry. (2 R.R. at 65).

At the conclusion of the trial on the merits, the court found that appellee failed to timely make periodic child support payments totaling $22,965.00 and that he failed to timely make payments for unreimbursed medical expenses in the amount of $939.49. (C.R. at 185-187; App. Tab 1). This amounts to a total arrearage of $23,094.49. (C.R. at 186). The court then allowed the following offsets totaling $19,816.83:

| 1. 11/01/2007 | $3,000 | Check to Brooke Bruce |
| 2. 7/19/2009 | $4,000 | Check to Brooke Bruce |
| 3. 8/25/2009 | $10,000 | Check to Brooke Bruce |
| 4. 10/06/2009 | $1,000 | Check to Brooke Bruce |
| 5. 12/16/2009 | $1,816.83 | Check to Nelda Wells Spears for Property Taxes |

(C.R. at 186-187). This resulted in the court rendering judgment on the child support arrearages in favor of appellant in the amount of $4,087.22. (C.R. at 187; App. Tab 1). Appellant does not dispute that the $3,000 payment made on November 1, 2007 and the $4,000 payment made on July 19, 2009 are for child support. (2 R.R. at 96-98).

### B. Appellee Carter Bruce Began a Pattern of Inconsistently Paying Support Despite Having the Financial Ability to Pay Support

Beginning soon after their divorce, appellee began a pattern of not making consistent and timely child support payments. (P. Ex. 2 at 3). Within months of the divorce, appellant had to file a Motion for Contempt to enforce her child support obligation. (P. Ex. 3). And, as early as 2009, appellant sought the services of the office of the attorney general to assist with enforcing her right to receive child support. (2 R.R. at 106). There were periods in 2008 and 2009 when appellant went months at a time without making a child support payment. (P. Ex. 2 at 3). Appellant flat-out stopped making child support payments after January 1, 2015 (with the exception of one small $137.22 payment), despite the fact that their son was still in high school. (P. Ex. 1 at 3; 2 R.R. at 93).

Appellee had ample resources available to him to make child support payments as ordered. He admits that in 2008 he sold a ranch for $1.5 million and spent as much as $250,000 on the remodel of his home located at 6013 Marquesa. (2 R.R. at 41-46; 66; P. Ex. 14).

Appellant made efforts to collect child support from appellee directly; appellee categorizes his ex-wife's efforts to collect child support from him directly as "harassment." (2 R.R. at 32-35, 36; P. Exs. 19-20). After months of not receiving child support in 2015, appellant Brooke Bruce asked the attorney general for assistance in enforcing the child support order. (2 R.R. at 106). In 2015, appellee Carter Bruce received conflicting information from the office of the attorney general about his child support arrearage. (P. Ex. 7). Their records indicated alternatively that he owed as much as $187,251.96 in child support or as little as $1,981.37 plus interest. (P. Ex. 7). After receiving this conflicting information, appellee filed his motion to recover overpaid child support. (C.R. at 43, 144).

### C.     The Record Reflects Contradictory Evidence Regarding the $10,000, $1,000, and $1,816.23 Offset Claims

Appellee believes that he was not late in paying child support until at least thirty days after child support was due and sometimes did not timely pay child support because he was out of town. (2 R.R. at 67). He also states that he "did not remember" why he skipped certain payments. (2 R.R. at 72-73). Appellant's stated reason for stopping payments in 2015 was that he had overpaid child support and could stop payments earlier than required by the court's order. (2 R.R. at 87-89). This turned out to be inaccurate based on the court's finding of an arrearage. (C.R. at 187; App. Tab 1).

In an effort to change the attorney general's payment records, appellee sent correspondence to the attorney general's office disputing their records. (P. Ex. 7). On March 4, 2015, he also signed a Non-Custodial Parent's Affidavit of Direct Payments stating that he paid $27,635.00 in child support payments directly to appellant. (P. Ex. 8; App. Tab 3). The Affidavit of Direct Payments includes two payments in 2006, one payment in 2007, and nine payments in 2009. (P. Ex. 8; App. Tab 3). By the time the parties got to trial, the number of direct payments alleged by appellee increased to $35,000.00 (C.R. at 155).

Appellee maintained copies of checks that appellant Brooke Bruce agrees were for child support, and these checks have notations that they were child support. (P. Ex. 8 at 3, 5; App. Tab 3). However, the copies of checks offered by appellee in support of the $10,000 payment on August 25, 2009 and $1,000 payment on October 6, 2009 do not indicate they were for child support. (P. Ex. 8 at 7, 8; App. Tab 3). And, the last payment in dispute is a check written to a third party – Nelda Wells Spears – in the amount of $1,816.83. (P. Ex. 8 at 10; App. Tab 3). The check indicates this payment is for "6002 Bullard" and not child support. (P. Ex. 8 at 10; App. Tab 3).

When asked by his own lawyer what the $1,000 payment made on October 6, 2009 check was for he said, "I don't know." (2 R.R. at 39). When asked later how he determined that the $1,000 payment of was child support, he said it was an

"even number" and must have been for child support. (2 R.R. at 39-41). Appellee offers conflicting stories about the $10,000 payment made on August 25, 2009: he says that he made the payment of $10,000 on August 25, 2009 to get ahead on child support but admits that he made a payment through the State Disbursement Unit about a week and a half later because he was "confused." (2 R.R. at 36, 69-70; P. Exs. 2, 8). Lastly, appellee says that the payment to Nelda Wells Spears for appellant's property taxes was initially a "loan" but then later decided it was child support once the loan was not paid back. (2 R.R. at 57-58). The payment for property taxes to Nelda Wells Spears is also not included in his Affidavit of Direct Payments (P. Ex. 8; App. Tab 3).

Copies of checks offered at trial by appellee Carter Bruce show that he did make other support payments by paying through the state disbursement unit. (P. Ex. 13 at 11, 15; App Tab 4). These payments indicate the cause number, the case I.D. number, are made payable to the "TX Child Support Unit" or "TXSCU," and indicate that the payments are for either "Oct. and November" payment or "Dec. payment." (P. Ex. 13 at 11, 15; App Tab 4).

The documents that appellee brought forth to support other payments in his Affidavit of Direct Payments did not show payments to Brooke Bruce. (P. Ex. 8; App. Tab 3). The documentary support for the payment allegedly made on May 21, 2009 is a withdrawal slip that does not bear Brooke Bruce's name. (P. Ex. 8,

p.4). The documentary support for the payment allegedly made on December 23, 2009 is also a withdrawal slip that does not bear Brooke Bruce's name. (P. Ex. 8, p.4; App. Tab 3). Other documents offered by Carter Bruce show a pattern of withdrawing cash, yet he does not claim these payments are child support. (P. Ex. 13 at 3, 6; App. Tab 4).

### D. Personal and Business Financial Transactions Between the Parties After Their Divorce Were Not Child Support Payments

Sometime after the divorce, appellee helped appellant with a remodel of her home, including installing a hot tub and other work. (2 R.R. at 41-46). Appellant and appellee both agree that there were financial transactions between them arising out of this business relationship. (2 R.R. at 41-46). He was also renovating his own residence. (2 R.R. at 41-46). The parties disagree about the status of their personal relationship; appellant says that the parties briefly rekindled a romantic relationship but appellee maintains that they were just getting along better for their son. (2 R.R. at 26-27, 103-104). Brooke Bruce also says that around the time he wrote her the $10,000 check, she spent money on joint expenses including trips together, obtaining passports, and remodeling homes. (2 R.R. at 103-104). Appellant says that appellee had trouble writing checks due to a suspended license, and she wrote some checks for him because he lacked a driver's license. (2 R.R. at 103-104). It is her belief that the $10,000 payment was a reimbursement for these expenses she paid. (2 R.R. at 103-104). At around the time appellee wrote the

check for $1,000 in October 2009, the parties went to a festival together, went dirt bike riding, bought food and drinks, and stayed at a hotel. (2 R.R. at 106-107). Brooke Bruce recalls cashing the check at a bank for payment of these expenses because she had a valid driver's license. (2 R.R. at 106-107).

Appellee agreed that at least one payment he asserted as child support in his Affidavit of Direct Payments was in fact a reimbursement for an expense for his house. (2 R.R. at 39-41).

### E.    Attorney's Fees Incurred by Brooke Bruce

In pursuit of her motion for enforcement of child support, appellant Brooke Bruce incurred reasonable and necessary attorney's fees in the amount of $19,057.30. (R. Ex. 6; App. Tab 5). Appellant's attorney, Kathleen Coble, provided testimony at trial in support of the request for attorney's fees and provided invoices in support of all services rendered, including services of both the attorney and paralegal who worked on the matter. (R. Ex. 6; 3 R.R. at 48-54). The invoices include detailed descriptions of the work performed, Ms. Coble's hourly rate, and the dates on which services were rendered. (R. Ex. 6; App. Tab 5). Ms. Coble offered testimony regarding her qualifications as an attorney who is board certified in family law by the Texas Board of Legal Specialization. (3 R.R. at 49). The attorney for appellee stipulated on the record to Ms. Coble's qualifications. (3 R.R. at 49). Ms. Coble offered testimony regarding court appearances in the

matter, excessive amounts of discovery propounded on her client by appellee Carter Bruce, and responding to appellee requests to obtain an offset of child support. (3 R.R. at 50-51). At the time of trial, appellant had only paid $1,500, which she borrowed to pay for attorney's fees. (3 R.R. at 52). Appellee Carter Bruce objected to evidence pertaining to his ability to pay attorney's fees, which was sustained by the court. (2 R.R. at 76).

## SUMMARY OF THE ARGUMENT

Issue 1. In a suit to enforce child support, section 157.263 of the Texas Family Code requires a trial court to confirm child support arrearages without reducing or modifying the arrearage except as provided by law. Tex. Fam. Code Ann. § 157.263 (West 2016). The Family Code has two very narrowly defined exceptions allowing offsets, neither of which is present in this case. Absent proof from the child support obligor that he has discharged a child support obligation as required by the child support order, the trial court has a mandatory duty to confirm the arrearages. The trial court incorrectly applied the law by allowing offsets not permitted by the family code or case law.

Issue 2. Appellee Carter Bruce offered no more than a scintilla of evidence in support of his child support offset claims. The evidence offered to prove that direct payments to Appellant were indeed in the nature of child support is contradictory, conclusory, and not clear, direct, and free from inconsistencies.

Thus, it amounts to no evidence. Thus, the trial court abused its discretion because there was not sufficient information pertaining to a vital fact that is determinative to this case.

Issue 3. In a suit for enforcement of child support, there is a mandatory requirement that the court *shall* order the Respondent to pay attorney's fees. Tex. Fam. Code Ann. § 157.167 (West 2016). The only exception is upon a finding of good cause, and the trial court must state its reasons for finding good cause. *Id*. The court in this case found that appellee failed to discharge his child support and medical support obligations by more than $23,000, but then denied appellant's request for attorney's fees without stating good cause. Thus, the court erred in denying the attorney fee request.

**ARGUMENT**

## I. A DECISION REGARDING THE CONFIRMATION OF CHILD SUPPORT ARREARAGE IS REVIEWED FOR AN ABUSE OF DISCRETION

A trial court's order concerning a child support arrearage is reviewed under an abuse-of-discretion standard. *Beck v. Walker,* 154 S.W.3d 895, 901 (Tex. App.-Dallas 2005, no pet.). Under that standard, legal and factual sufficiency are not independent grounds for reversal, but are instead relevant factors in assessing whether the trial court abused its discretion. *Lee v. Kaufman*, 03-10-00148-CV, 2011 WL 3796175, at *1 (Tex. App.—Austin Aug. 26, 2011, no pet.) (citing *Doyle*

*v. Doyle,* 955 S.W.2d 478, 479 (Tex. App.-Austin 1997, no pet.); *Mai v. Mai,* 853 S.W.2d 615, 618 (Tex. App.-Houston [1st Dist.] 1993, no writ)).

To decide whether an abuse of discretion has occurred, the appellate court must determine: (1) whether the trial court had sufficient information on which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *Zeifman v. Michels,* 212 S.W.3d 582, 588 (Tex. App.—Austin 2006, pet. denied) (internal citations omitted). A trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *Attorney Gen. of Texas v. Stevens,* 84 S.W.3d 720, 722 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)).

When a trial court does not issue any findings of fact or conclusions of law, all facts necessary to support the trial court's ruling and supported by the evidence are implied in favor of the trial court's decision. *Zeifman,* 212 S.W. 3d. at 588 (citing *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002)). However, when the appellate record includes both the reporter's record and the clerk's record, the implied findings are not conclusive and may be challenged for legal and factual sufficiency. *Zeifman,* 212 S.W.3d at 588 (citing *Vickery v. Commission for Lawyer Discipline,* 5 S.W.3d 241, 251 (Tex. App.-Houston [14th Dist.] 1999, pet. denied)).

A legal sufficiency challenge may be sustained when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Zeifman*, 212 S.W.3d at 588 (citing *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex.1998)). In determining whether there is legally sufficient evidence to support the finding under review, the court considers evidence favorable to the finding if a reasonable factfinder could, and disregards evidence contrary to the finding unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 828 (Tex.2005).

As to the issue of a child support arrearage offset, the child support obligor has the burden of proof. *Curtis v. Curtis*, 11 S.W.3d 466, 472 (Tex. App.—Tyler 2000, no pet.). Thus, appellant must only establish that there is no evidence to support the trial court's finding of an offset or that there is some other rule of law that bars the court from considering the evidence offered to prove a vital fact. *Id.; Zeifman*, 212 S.W.3d at 588.

Issue 1

## II. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING AN OFFSET TO CHILD SUPPORT ARREARAGE THAT IS NOT AUTHORIZED BY STATUTE OR OTHER LAW

## A. Unpaid Child Support Is an Unfulfilled Duty to a Child

Appellee Carter Bruce failed to meet a duty to support his child. The payment of child support reflects a parent's duty to his child, which furthers the child's welfare and best interests. *Office of Atty. Gen. of Texas v. Scholer*, 403 S.W.3d 859, 866–67 (Tex. 2013). "When child support payments are not made, the result is a loss of funds available for the child's food, clothing, education, and home environment." *Williams v. Patton*, 821 S.W.2d 141, 145 (Tex. 1991). Texas has a policy of protecting the interests of children, and this policy underlies the law on child support enforcement. *Id.* Characterizing arrearages as nothing more than a "debt" owed to the custodial parent oversimplifies the purpose of child support. *Id.* Past due child support is really more of an unfulfilled duty to the child than a "debt" to the custodial parent. *Id.* (citing *Adair v. Martin*, 595 S.W.2d 513 (Tex.1980).

## B. Once the Court Found a Child Support Arrearage, the Trial Court Has an Affirmative Duty to Render Judgment on the Arrearages

Once the amount of child support arrearages is established, the court has an affirmative duty to confirm the arrearages and reduce them to judgment. Tex. Fam. Code Ann. § 157.263(a); *In re S.R.O.*, 143 S.W.3d 237, 248 (Tex. App.— Waco 2004, no pet.) (internal citations omitted) Some courts have said that the trial judge acts "as a mere scrivener" in this situation. *In re S.R.O.*, 143 S.W.3d at 248. The Family Code states that if a motion for enforcement of child support requests a

money judgment for arrearages, the court shall confirm the amount of arrearages and render one cumulative money judgment. Tex. Fam. Code Ann. § 157.263 (a) (West 2016).

The Family Code also says that in rendering a money judgment under this section, the court may not reduce or modify the amount of child support arrearages but, in confirming the amount of arrearages, *may* allow a counterclaim or offset *as provided by this title*. Tex. Fam. Code Ann. § 157.263 (West 2016) (emphasis added). Family Code section 157.263 itself does not contain a definition of what may constitute an offset. *Stevens*, 84 S.W.3d at 723. In a proceeding to confirm arrearages, the child support calculations must be based on the payment evidence presented, not the trial court's assessment of what is fair or reasonable. *Chenault v. Banks*, 296 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2009, no pet.)

By its plain language, section 157.263 (b-1) only permits offsets as provided by "this title," meaning Title 5 of the Family Code. Title 5 is entitled "the Parent-Child Relationship and Suit Affecting the Parent-Child Relationship" and includes all matters relating to children and their parents, including support, conservatorship, and visitation. *See generally* Title 5, Tex. Fam. Code. Ann. (West 2016).

Prior to the *Ochsner* decision, discussed *infra,* there was a general consensus among the courts that there are two narrowly allowed offsets to child support: a

credit for having possession of the child and a lump-sum payment arising from the obligor's disability. Tex. Fam. Code Ann. §§ 157.008-.009; *Beck*, 154 S.W.3d at 905–06; *see also In re J.S.H.*, No. 06-09-00101-CV, 2010 WL 1568463, at *3 (Tex. App.-Texarkana Apr.21, 2010, no pet.) (mem. op.), *In re A.J.R.*, 09-09-00382-CV, 2010 WL 4262007, at *5 (Tex. App.—Beaumont Oct. 28, 2010, no pet.) (child support obligor providing actual support to a child may request or offset under §157.008 for that support), *Beck*, 154 S.W.3d at 906 (denying offset in part because affirmative defense not established under §157.008.), *Office of Attorney Gen. of State v. McBee*, 01-08-00433-CV, 2009 WL 2961245, at *5 (Tex. App.—Houston [1st Dist.] Sept. 17, 2009, no pet.) (finding an abuse of discretion where trial court allowed offset due to incarceration, which is not permitted by statute), *In re A.B.C.*, 04-99-00113-CV, 2001 WL 191557, at *3 (Tex. App.—San Antonio Jan. 31, 2001, pet. denied) (stating offset available if affirmative defense established under §157.008), *Stevens*, 84 S.W.3d at 725 (holding that offset not allowed by statute), and *In re J.S.H.*, 2010 WL 1568463, at *5 (same).

The Supreme Court of Texas has called into question exactly how these offsets should be applied. The court states that the offsets allowed by 157.008-.009 of the Family Code "do not alone exhaust a trial court's ability to consider evidence of an obligor's discharge of his child-support obligation in an enforcement proceeding." *Ochsner v. Ochsner*, 14-0638, 2016 WL 3537255 at *2

(Tex. June 24, 2016) (not released for publication). However, this does not excuse an obligor from showing evidence of proper payment or complying with the court's order. In a concurring opinion, Justice Guzman writes,

> "[i]n determining the existence of an arrearage and calculation of interest, the issue is whether the obligor discharged his obligation to pay the amount of child support ordered, which requires a comparison of the 'amount owed as provided in the order' with 'the amount paid.' Proof of actual payment is germane to confirmation of an arrearage... [E]ven though the court shall order the payment of child support to the state disbursement unit ... a payment is not delinquent even 'if payments are not made through a registry' so long as the payment is timely received by 'the obligee or entity specified in the order.'" *Ochsner*, 2016 WL 3537255, at *10-11 (Guzman, J., concurring).

*Ochsner* carves out a very narrow exception for the discharge of a child support obligation based on the facts in that case. In that case, a child-support order required father to make certain payments to his daughter's school, and when she switched schools, to make payments through a registry. *Id.* at *1. Instead, he paid the new school directly, with payments totaling more than $20,000 beyond what the original order contemplated. *Id.* His ex-wife then sued to recover the balance that was not paid through the registry nearly ten years later. *Id.* The court noted that the payments were regular, as opposed to irregular, and that obligor discharged an obligation directly incurred by the obligee for benefit of the child. *Id.* at *7.

The court held that it was appropriate for the trial court to conclude that no arrearages should be ordered because under all the circumstances the obligor made thousands of dollars in direct support payments in excess of the amount the order required, and in doing so satisfied the obligee's obligation. *Id.* at *4. However, an obligor should not flout the system, and the statute requires the trial court to confirm the amount of arrearages, based on the amount the child-support order required the obligor to pay, and in light of various payments the court finds that the obligor made. *Id.*

The court further states that "[their] decision . . . should be confined to the facts presented. It should not be read to hold that tuition payments always qualify as child support. Further, it should not be read to encourage spouses to make direct payments and thereby bypass the registry or other payment mechanisms set forth in the divorce decree." *Id.* at *8. And, the obligor may not rely on the other parent's actions or agreements to discharge his child support obligation. *Scholer*, 403 S.W.3d at 866–67; *Williams*, 821 S.W.2d at 145.

Only if an obligor proves monthly payments that discharge his child support obligation, may the court decline to confirm an arrearage. *In re C.S.*, 2014 WL 972310, at *2 (Tex. App.—Eastland Mar. 6, 2014, no pet). This is distinguishable from a case where an obligor has failed to make child support payments as ordered and the court is required to confirm arrearages by Section 157.263 of the Texas

Family Code. When an obligor has discharged a monthly child support obligation, albeit not through the registry as required, an "offset" analysis is not necessarily implicated because there is not necessarily an arrearage. *Id.* At *2.

## C. Discretionary Payments to Third Parties Are Not Considered Child Support

The trial court plays a very important role in child support proceedings to ensure the protection of the child's best interests, and private agreements to modify child support obligations bypass the protection of the court and are thus against public policy and unenforceable. *Chenault*, 296 S.W.3d at 190–91 (citing *Williams,* 821 S.W.2d at 143–44) (other citations omitted). In *Chenault*, the executor of the estate of child support obligor argued that payments directly to a child's military academy should be an offset to his child support obligation. 296 S.W.3d at 188. The court of appeals reversed the judgment of the trial court finding an abuse of discretion because the payments were not previously approved the court. *Id.* at 190-191.

Although the court of appeals could not determine whether the trial court applied offsets for "personal loans and money for other items such as Christmas gifts, an amusement park season pass, pictures, insurance, a car, and a class ring," the court stated that it would be abuse of discretion to give credit for these non-child support items that are not in the Family Code as a basis for decreasing child support arrearages. *Chenault*, 296 S.W.3d at 192 (citing *Medrano v. Medrano,* 810

S.W.2d 426, 427 (Tex. App.-San Antonio 1991, no writ) (noting that the Family Code does not authorize credit against child support arrearages for a loan or purchase of a car)).

### D.   The Trial Court Abused Its Discretion Because It Incorrectly Applied the Law Regarding Allowable Child Support Offsets

The Family Code allows the remedy of enforcement of a child support obligation that is not made in compliance with an order. Tex. Fam. Code Ann. § 157.002 (b) (West 2016) (allowing obligee to file motion for enforcement by contempt if she pleads portion of the order allegedly violated, the date of alleged of contempt, the amount due and the amount paid, if any). Chapter 157 recognizes that a court order for child support is enforceable by its terms and allows a contempt finding provided that the court references the portion of the order violated and states the date of each occasion when the respondent's failure to comply with the order was found to constitute contempt. Tex. Fam. Code Ann. § 157.166(b) (West 2016). This is all to say that there are severe penalties, including contempt, for not discharging a child support obligation in the manner designated by the court order.

The Family Code does allow a child support obligor to offer evidence to contradict the records kept by a child support registry. Tex. Fam. Code Ann. § 157.162 (c-1) (West 2016). However, the Code does not permit the obligor to wait thirty days (or more) past the due-date for child support to make his payments for

the support of his child. In limited circumstances, the records of the child support registry may not be dispositive in showing that monthly child support payments are made if an obligor has evidence that he made every payment monthly payment required of him. *In re C.S.*, 2014 WL 972310, at *3; *see also In re J.C.T*, 05-12-01290-CV, 2014 WL 3778909, at *4 (Tex. App.—Dallas July 31, 2014, pet. denied) (testimony that all child support payments were made twenty-two years before obligee tried to collect support was legally sufficient even though support record did not show payments) and *Higgins v. Higgins*, 05-98-02014-CV, 2000 WL 1264636, at *3 (Tex. App.—Dallas Sept. 7, 2000, no pet.) (holding that obligor proved discharge of child support obligation where checks showing direct payments included 'child support' notation and were accepted by obligee).

The trial court in this case found that appellee Carter Bruce failed to timely discharge both child support and medical support obligations, confirmed an arrearage, and then found that he was entitled to offsets. The court incorrectly applied the law permitting offsets to a child support obligation.

### i. The $10,000 and $1,000 Offsets Are Not Statutorily Permissible Offsets or Offsets Contemplated by *Ochsner*

The trial court's decision to offset the child support arrearage for the $10,000 payment on August 25, 2009 and the $1,000 payment on October 6, 2009 constitutes an abuse of discretion. *Ochsner* and the cases that permit a court to consider evidence of actual payments made by an obligor in discharge of a child

support obligation have all been clear: payments must be regular, an obligor must show compliance with the letter or spirit of the underlying court order, and the obligor must pay the actual amounts owed under the order. No such thing happened here. In this case, the court found that, in the aggregate, appellee Carter Bruce failed to timely discharge his child support obligation by more than $23,000. Under the plain language of statutory scheme set forth in Family Code § 157.263, this confirmation of arrearages shifts the burden to Carter Bruce show some offset "under [Title 5]" of the Family Code.

The statutory offsets permitted by sections 157.008-.009 of the Texas Family Code are not applicable to this case. Appellee Carter Bruce did not plead an affirmative defense to child support enforcement that would entitle him to an offset under section 157.008. Also, neither party raised the issue of funds being paid as a result of a lump-sum disability payment paid on behalf of appellee. Once an arrearage is confirmed, the court is without discretion to modify or forgive the payments, even in the interest of equity or fairness. Once the child support arrearage was confirmed, the court had no discretion to reduce the arrearage absent some statutorily permitted offset.

Should this court find more than a scintilla of evidence that the $10,000 payment and the $1,000 payment at issue were indeed "child support" payments, these payments were sporadic and unpredictable. In his own words, appellee did

not believe that his child support payments were late until he was behind by more than 30 days. This leaves only the narrow exceptions set forth in case law that permit an obligor to prove he has discharged his child support obligation in a manner that complies with the child support order.

While the *Ochsner* case has undoubtedly transformed the landscape on what may be considered "child support," the holding should be confined to the facts of that particular case. To extend this holding beyond those facts may needlessly encourage litigation between spouses, even though there will invariably be an order with clear and concise terms regarding support. Any holding that allows the parties to a child support order to subjectively elect how to discharge a child support obligation will potentially create litigation, which ultimately affects the children subject to these orders. Allowing the party to discharge an obligation by agreement or by means other than allowed by the family code has been expressly rejected by the Supreme Court of Texas in the *Williams* and *Scholer* cases, *supra*.

The *Ochsner* case does not say that a child support payment made in an untimely manner may be a child support offset.

Extending *Ochsner* to the facts of this case may also undermine the power of trial courts to enforce their orders regarding support. Concluding that a child support obligor can discharge a child support obligation by not timely paying child support will potentially create a "substantial compliance" defense to a motion for

enforcement of child support. The law should encourage obligors to pay child support on time and not encourage creative ways for them to avoid legal obligations. This is keeping in line with the notion that child support obligations are a debt to the children and are an important part of the public policy of the State of Texas.

### ii. The $1,816.83 to the County Tax Assessor Is Not Permissible Offset

Granting an offset for the payment made to the county tax assessor, Nelda Wells Spears, was an abuse of discretion because the payment was not an offset permitted by law. *See Argument, IX, C, i, supra.*

Additionally, this payment was made to a third party and not to discharge an obligation incurred by the obligee for the child, as was discussed in *Ochsner*. Even in circumstances where the obligor pays for child-related expenses such as military school, movies, or other items for the child, these are non-child support related items and should not serve as an offset. *See Chenault* and *Medrano, supra.*

Issue 2

### III.   An Obligor's Conclusory Statements About the Discharge of a Child Support Obligation That Are Contradicted by Other Evidence Are No More Than a Scintilla of Evidence Entitling Him to an Offset

Carter Bruce is clearly an interested witness, and he offered conclusory and conflicting evidence supporting his offset claims. For example, his testimony surrounding the $1,000 offset check was initially that he "did not know" about the

purpose of the check. (2. R.R. 39). Proof of actual payment is germane to determining whether child support has been timely paid as ordered. *Ochsner*, 2016 WL 3537255, at \*10-11 (Guzman, J., concurring).

The general rule is that evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the trier of fact. *Berner v. Ferris*, 538 S.W.2d 658, 659 (Tex. Civ. App.—Amarillo 1976, no writ) (citing *Gevinson v. Manhattan Construction Company of Oklahoma*, 449 S.W.2d 458, 467 (Tex.1969)). Conclusive effect may be given to the testimony of an interested witness only if the testimony is clear, direct and positive and there are no circumstances tending to discredit or impeach the same. *Id.* When testimony comes from an interested party and the evidence cannot be readily contradicted if untrue, an issue relating to the credibility of the witness is presented. *Berner*, 538 S.W.2d at 659 (citing *James T. Taylor and Son, Inc. v. Arlington Independent School District*, 160 Tex. 617, 335 S.W.2d 371, 376 (1960)).

A conclusory statement without supporting facts is not readily controvertible. *Beesley v. Hydrocarbon Separation, Inc.*, 358 S.W.3d 415, 424–25 (Tex. App.—Dallas 2012, no pet.). Such a conclusory statement without supporting facts is insufficient to support a summary judgment. *Id.* (citing *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997)); *see also Pioneer Land & Cattle Co. v. Collier*, 07-12-00320-CV, 2013 WL 2150814, at \*3 (Tex. App.—

Amarillo May 15, 2013, no pet.); *Smith v. Patrick W.Y. Tam Trust,* 296 S.W.3d 545, 547 (Tex.2009); *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 881 (Tex.1990) (per curiam).

This court previously held that in assessing whether a court abuses its discretion, the court can consider legal and factual sufficiency arguments. *See Zeifman.* In this case, even when looking at the evidence most favorably to appellee Carter Bruce, the court had insufficient information to exercise its discretion. Appellee's evidence supporting his offset claims is no more than conclusory statements that are supported by little to no factual detail. When asked what the $10,000 payment was, he said "It is for child support." (2 R.R. 36). He offered a copy of check in support of the $10,000 payment but offered no testimony explaining the circumstances under which he gave the check to appellant, whether he even gave it to her, whether the check cleared his bank account, or why he made the payment directly rather than through the state disbursement unit. (P. Ex. 8). The check does not include a notation that it was for child support. The evidence at trial shows that appellee did know how to make payments through the disbursement unit. Two checks he offered at trial showed this by including the months the payments represented and by sending them to the child support disbursement unit with the court cause number. (P. Ex. 13 at 11, 15). When asked on cross-examination to explain why the payment was made directly

he said alternatively that he was either "confused" or that he was trying to get ahead on child support due to appellant's "harassment." (2 R.R. 36). Appellee's explanation for why the $1,000 payment was child support was only that it was an "even number." (2 R.R. 39). Again, there is no explanation why the payment was made directly, no evidence of the circumstances surrounding the payment, and no evidence of conversations with appellant about the payment. The payments were also not made on a date when child support was due.

Appellant Brooke Bruce also offered contradictory evidence to the evidence offered by appellee. Concerning the $1,000, she offered specific evidence about receiving the check and cashing the check at a time when the parties went to a festival and payed for other expenses. (2 R.R. at 106-107). She also offered testimony that the parties were traveling together, getting passports, and renovating their homes. In the face of this contradictory evidence, appellee's conclusory statements as these payments being child support constitute no evidence. Lastly, appellant himself offered contradictory evidence concerning the payment towards property taxes. He said alternatively that it was a "loan" but then in his mind, it was also child support. (2 R.R. at 57-58). Appellee offered evidence that it was not child support, stating that it was a time when the parties were considering reconciling and that is why he paid the property taxes.

Issue 3: Did the trial err by denying Appellant Brooke Bruce's request for attorney's fees in a Motion for Enforcement of Child Support?

## IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR ATTORNEY'S FEES DESPITE MANDATORY DUTY IMPOSED BY §157.167 OF THE FAMILY CODE IN A CHILD SUPPORT CASE

### A. A Decision Regarding the Award of Attorney's Fees in a Child Support Enforcement Action is Reviewed *De Novo*

The Texas Family Code requires a court to review the award of attorney's fees that are in in the nature of child support as a legal conclusion, and trial court's order is reviewed *de novo*. *Finley v. May*, 154 S.W.3d 196, 198 (Tex. App.— Austin 2004, no pet.). While a motion for enforcement of child support is normally reviewed for an abuse of discretion, the award of attorney's fees in this instance involves a matter of statutory construction, which is reviewed *de novo*. *McFadden v. Deedler*, 03-13-00486-CV, 2014 WL 4364540, at *1 (Tex. App.— Austin Aug. 27, 2014, no pet.) (citing *Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water,* 336 S.W.3d 619, 624 (Tex.2011); *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding) (observing that court has no "discretion" to misinterpret or misapply law)). The express statutory language is the primary concern. *McFadden*, 2014 WL 4364540, at *1. (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863, 867 (Tex.2009)); *see also Johnson v. Johnson*, 03-02-00427-CVC, 2005 WL 3440773, at *5 (Tex. App.— Austin Dec. 16, 2005, no pet.).

**B. It Is Error to Deny an Award Attorney's Fees in a Suit to Enforce Child Support**

The Texas Family Code states that "if the court finds that the respondent has failed to make child support payments, the court *shall* order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages...." Tex. Fam. Code Ann. § 157.167 (a) (West 2016) (emphasis added). The court may not waive the award of attorney's fees except for good cause shown and "if the court states the reasons supporting that finding." Tex. Fam. Code Ann. § 157.167 (c) (West 2016). A finding that the respondent is not in contempt does not preclude the court from awarding the petitioner court costs and reasonable attorney's fees or ordering any other enforcement remedy, including rendering a money judgment. Tex. Fam. Code Ann. § 157.162 (b) (West 2016). Medical support is an additional child support obligation that may be enforced by any means available to the enforcement of child support. *McFadden*, 2014 WL 4364540, at *2 (citing Tex. Fam. Code § 154.183(a); *In re A.L.S.*, 338 S.W.3d 59, 67 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

Absent an express finding of good cause, the award of attorney's fees under section 157.167 is mandatory upon a finding of failure to make child support payments. *See id.* § 157.167(a); *Tucker v. Thomas,* 419 S.W.3d 292, 300 (Tex.2013). The denial of a contempt motion does not constitute "good cause." *Russell v. Russell,* 478 S.W.3d 36, 42 (Tex. App.—Houston [14th Dist.] 2015, no

pet.). Advice of counsel regarding whether to pay support may also not constitute "good cause." *Scruggs v. Linn*, 443 S.W.3d 373, 381–82 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Evidence to support a request for attorney's fees using the lodestar method should include the hours worked multiplied by the hourly rates for a total fee. *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014). Sufficient evidence includes, at a minimum, evidence "of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *Id.* (internal citations omitted). *Id.* The attorney "should provide testimony of the hours spent on the case, the nature of preparation, complexity of the case, experience of the attorney, and the prevailing hourly rates. *Ekstrom v. Teems*, 14-96-01180-CV, 1998 WL 93744, at *2 (Tex. App.—Houston [14th Dist.] Mar. 5, 1998, pet. denied) (citing *Higgins v. Smith,* 722 S.W.2d 825, 828 (Tex. App.-Houston [14th Dist.] 1987, no writ)).

The Family Code does not allow a trial the discretion to not apply the law on the issues of awarding attorney's fees, regardless of whether there is a contempt finding. The mandate from Family Code section 157.167 is that the court *shall* award attorney's fees except upon a showing of good cause. The court in this case made a finding that appellee had failed to discharge his child support and medical support obligations for the child, which then invoked the court's duty to award

attorney's fees. The record before the court is silent as to good cause to not award attorney's fees, and appellee's attorney expressly objected to any evidence being presented at trial regarding this issue.

At trial, the attorney for appellee stipulated on the record to the qualifications of appellant's attorney, Ms. Coble. Ms. Coble also offered testimony concerning her qualifications, including her certification as a board-certified attorney and the number of years she has practiced law. Her invoices are detailed as to time spent, dates of services, and services performed. The same is true of the work her paralegal performed. The services rendered in this suit on the live pleadings only pertained to child support enforcement. Therefore, the court erred in not awarding attorney's fees.

## PRAYER

Appellant requests this court **modify** the trial court's judgment to remove child support offsets totaling $12,816.83 and to render judgment confirming a total child support and medical support arrearage of **$16,904.49**.

Appellant requests that this court reverse the trial court's order denying appellant's request for attorney's fees render judgment for reasonable and necessary attorney's fees in the nature of child support in favor of appellant in the amount of **$19,057.30**.

Appellant requests that this court otherwise affirm the trial court's order.

Respectfully submitted,

DUDLEY LAW, PLLC
1717 West Sixth Street, Suite 315
Austin, Texas 78703
(512) 617-3975 Telephone
(512) 479-7910 Facsimile

By:  /s/ Kacy L. Dudley
      Kacy L. Dudley
      State Bar No. 24069638
      kdudley@dudley-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Appellate Procedure on Wednesday, December 21, 2016 as follows:

Cecilia M. Wood
919 Congress Ave., Ste. 830
Austin, Texas 78701
Via Email: Cecilia@ceciliawood.com

*Attorney for Carter Bruce*

Brittany M. Baumgartner
Assistant Attorney General
508 Old Hutto Rd.
Pflugerville, Texas 78660
Via Email: brittany.baumgartner@texasattorneygeneral.gov

*Attorney General*

/s/ Kacy L. Dudley

Kacy L. Dudley

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 7,284 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Kacy L. Dudley

Kacy L. Dudley

Appendix
No. 03-16-00581-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

BROOKE BRUCE,

Appellant,

v.

CARTER BRUCE,

Appellee.

**APPELLANT'S APPENDIX**

LIST OF DOCUMENTS

1. Final Order Confirming Child Support Arrearage and Denying Contempt dated June 20, 2016
   C.R. 185.............................................................................................. Tab 1

2. Texas Family Code §§ 157.008, .009,. 167, .263 ............................... Tab 2

3. Petitioner's Exhibit 8
   P. Ex. 8 ............................................................................................... Tab 3

4. Petitioner's Exhibit 13
   P. Ex. 13 ............................................................................................. Tab 4

5. Respondent's Exhibit 6
   R. Ex. 6............................................................................................... Tab 5

# Tab 1

NOTICE TO CLERK:
THIS DOCUMENT CONTAINS SENSITIVE DATA

CAUSE NO. D-1-FM-06-002023

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| M.C.B. | § | TRAVIS COUNTY, TEXAS |
| A MINOR CHILD | § | 345TH JUDICIAL DISTRICT |

## FINAL ORDER CONFIRMING CHILD SUPPORT ARREARAGES AND DENYING CONTEMPT

On the 29th day of February and the 1st day of March, 2016, came on to be heard Petitioner, CARTER BRUCE's, *Third Amended Petition to Confirm Direct Payments and to Recover Child Support Payments Made in Excess of Child Support Order* and Respondent, BROOKE BRUCE's *Second Amended Motion for Enforcement of Child Support Order*.

*Appearances*

Petitioner, CARTER BRUCE, appeared in person and by her attorney of record, CECILIA M. WOOD, and announced ready.

Respondent, BROOKE BRUCE, appeared in person, and by her attorney of record, KATHLEEN DEBRA COBLE, and announced ready.

Respondent, THE STATE OF TEXAS through the Office of the Attorney General, was duly noticed of the hearing, but failed to appear.

*Jurisdiction*

The Court, having examined the pleadings and heard the evidence and argument of counsel, finds that it has continuing, exclusive jurisdiction of this cause and of all the parties and that no other court has continuing, exclusive jurisdiction.

All persons entitled to citation were properly cited.

*Page 1 of 5*

185

*Record*

The making of a record of testimony was duly recorded by the official court reporter for the 98th Judicial District Court, Ms. Patty Day, P. O. Box 1748, Austin, Texas 78767.

*Contempt Findings Denied*

The Court finds that CARTER BRUCE is not in contempt. Respondent and Movant, BROOKE BRUCE's request for a finding of contempt is DENIED.

*Child Support and Medical Support Arrearages*

The Court finds that the allegations in BROOKE BRUCE's *Second Amended Motion for Enforcement of Child Support Order* are true in part; and that CARTER BRUCE failed to timely pay periodic child support to BROOKE BRUCE through the State Disbursement Unit in the amount of $22,965.00 as alleged. The Court further finds that CARTER BRUCE failed to timely pay unreimbursed healthcare expenses for the child to BROOKE BRUCE in the amount of $939.49. The Court finds that the total amount of past due child support that was not paid through the State Disbursement Unit and medical support owed from CARTER BRUCE to BROOKE BRUCE is $23,904.49.

The Court further finds that CARTER BRUCE is entitled to offsets of that total sum due to direct payments made by CARTER BRUCE to BROOKE BRUCE or to others. The Court finds that CARTER BRUCE is entitled to offsets for the following payments for a total of $19,816.83:

1. 11/01/2007    $3,000.00    Check to Brooke Bruce
2. 7/19/2009    $4,000.00    Check to Brooke Bruce
3. 8/25/2009    $10,000.00    Check to Brooke Bruce
4. 10/06/2009    $1,000.00    Check to Brooke Bruce

5. 12/16/2009    $1,816.83    Check to Nelda Wells Spears for property taxes

All other requests for offsets or credit made by CARTER BRUCE in his pleadings or in pretrial or other documents offered at trial are DENIED. CARTER BRUCE's request to recover child support overpayments from BROOKE BRUCE is DENIED.

IT IS, THEREFORE, ORDERED that the total final amount of arrearages confirmed and that remain due and owing for child and medical support is Four Thousand Eighty-Seven Dollars and Sixty-Six Cents ($4,087.66), *as of March 1, 2016.*    RGH

IT IS, THEREFORE, ORDERED that BROOKE BRUCE is granted a judgment in the amount of Four Thousand Eighty-Seven Dollars and Sixty-Six Cents ($4,087.66), against CARTER BRUCE, for which let execution issue. IT IS FURTHER ORDERED that CARTER *cmw KC*   RGH *through June 15, 2016* BRUCE shall pay the judgment in the following manner: Two Thousand Dollars ($2,000.00) to be paid through the Texas State Disbursement Unit on or before March 15, 2016 and Two Thousand Eighty-Seven Dollars and Sixty-Six Cents to be paid through the Texas State Disbursement Unit on or before April 15, 2016. IT IS ORDERED that BROOKE BRUCE may enforce this judgment is by any means available for the enforcement of a judgment debt and by any means available for the enforcement of child support. *The Court further finds that the cmw judgment has been timely satisfied KC  RGH and that no other pre or post judgment interest is owed or shall accrue.*

*Mutual Permanent Injunction*

The Court finds that good cause exists and that the parties have agreed to the entry of a mutual permanent injunction.

The mutual permanent injunction below shall be effective immediately and shall be binding on CARTER BRUCE and BROOKE BRUCE; on their agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

IT IS, THEREFORE, ORDERED that CARTER BRUCE and BROOKE BRUCE are permanently enjoined from communicating with each other in any manner other than by email.

This permanent injunction is effective immediately and shall continue in full force and effect until further order of the Court.

~~It is further Ordered that the Office of the Attorney General shall remove all liens and attorney fees encumbrances against any accounts or other assets of CARTER BRUCE on or before June ____, 2016 at ____ ___ m.~~ (rw) KK RGH

IT IS FURTHER ORDERED that each party shall be solely responsible for his or her respective attorney fees.

*Date of Judgment*

JUDICIALLY PRONOUNCED AND RENDERED on the 1st day of March, 2016, but

MINISTERIALLY SIGNED AND RATIFIED on the 20th day of June, 2016.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

_____
Cecilia M. Wood
Attorney and Counselor at Law, P. C.
Capitol Center
919 Congress, Suite 830
Austin, Texas 78701
Telephone No. 512/708-8783
Facsimile No. 512/708-8787
Cecilia@ceciliawood.com
State Bar No. 21885100
Attorney for Petitioner, CARTER BRUCE

Approved as to form:

_____
Brittany Baumgartner
Assistant Attorney General
SBN: 24061064
508 Old Austin Hutto Rd
Pflugerville, TX 78660

Kathleen Dohm Coble
Barrett Coble & Andrae, PLLC
1901 S. Capital of Texas Hwy
Suite C-120
Austin, Texas 78746
Telephone: 512-477-4700
Facsimile: 512-482-0525
kathleen@bcafamilylaw.com
State Bar No. 24049063
Attorney for Respondent, BROOKE BRUCE

189

# Tab 2

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 157. Enforcement (Refs & Annos)
          Subchapter A. Pleadings and Defenses (Refs & Annos)

V.T.C.A., Family Code § 157.008

§ 157.008. Affirmative Defense to Motion for Enforcement of Child Support

Currentness

(a) An obligor may plead as an affirmative defense in whole or in part to a motion for enforcement of child support that the obligee voluntarily relinquished to the obligor actual possession and control of a child.

(b) The voluntary relinquishment must have been for a time period in excess of any court-ordered periods of possession of and access to the child and actual support must have been supplied by the obligor.

(c) An obligor may plead as an affirmative defense to an allegation of contempt or of the violation of a condition of community service requiring payment of child support that the obligor:

  (1) lacked the ability to provide support in the amount ordered;

  (2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the funds needed;

  (3) attempted unsuccessfully to borrow the funds needed; and

  (4) knew of no source from which the money could have been borrowed or legally obtained.

(d) An obligor who has provided actual support to the child during a time subject to an affirmative defense under this section may request reimbursement for that support as a counterclaim or offset against the claim of the obligee.

(e) An action against the obligee for support supplied to a child is limited to the amount of periodic payments previously ordered by the court.

**Credits**
Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995.

Notes of Decisions (115)

V. T. C. A., Family Code § 157.008, TX FAMILY § 157.008
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs &
    Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 157. Enforcement (Refs & Annos)
          Subchapter A. Pleadings and Defenses (Refs & Annos)

V.T.C.A., Family Code § 157.009

§ 157.009. Credit for Payment of Disability Benefits

Effective: June 19, 2009
Currentness

In addition to any other credit or offset available to an obligor under this title, if a child for whom the obligor owes child support receives a lump-sum payment as a result of the obligor's disability and that payment is made to the obligee as the representative payee of the child, the obligor is entitled to a credit. The credit under this section is equal to the amount of the lump-sum payment and shall be applied to any child support arrearage and interest owed by the obligor on behalf of that child at the time the payment is made.

**Credits**
Added by Acts 2009, 81st Leg., ch. 538, § 1, eff. June 19, 2009; Acts 2009, 81st Leg., ch. 767, § 14, eff. June 19, 2009.

V. T. C. A., Family Code § 157.009, TX FAMILY § 157.009
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 157. Enforcement (Refs & Annos)
          Subchapter D. Hearing and Enforcement Order (Refs & Annos)

V.T.C.A., Family Code § 157.167

§ 157.167. Respondent to Pay Attorney's Fees and Costs

Effective: September 1, 2005
Currentness

(a) If the court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages. Fees and costs ordered under this subsection may be enforced by any means available for the enforcement of child support, including contempt.

(b) If the court finds that the respondent has failed to comply with the terms of an order providing for the possession of or access to a child, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to any other remedy. If the court finds that the enforcement of the order with which the respondent failed to comply was necessary to ensure the child's physical or emotional health or welfare, the fees and costs ordered under this subsection may be enforced by any means available for the enforcement of child support, including contempt, but not including income withholding.

(c) Except as provided by Subsection (d), for good cause shown, the court may waive the requirement that the respondent pay attorney's fees and costs if the court states the reasons supporting that finding.

(d) If the court finds that the respondent is in contempt of court for failure or refusal to pay child support and that the respondent owes $20,000 or more in child support arrearages, the court may not waive the requirement that the respondent pay attorney's fees and costs unless the court also finds that the respondent:

  (1) is involuntarily unemployed or is disabled; and

  (2) lacks the financial resources to pay the attorney's fees and costs.

**Credits**
Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1999, 76th Leg., ch. 556, § 18, eff. Sept. 1, 1999; Acts 2003, 78th Leg., ch. 477, § 1, eff. Sept. 1, 2003; Acts 2003, 78th Leg., ch. 1262, § 1, eff. Sept. 1, 2003; Acts 2005, 79th Leg., ch. 253, § 1, eff. Sept. 1, 2005.

Notes of Decisions (74)

V. T. C. A., Family Code § 157.167, TX FAMILY § 157.167
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 157. Enforcement (Refs & Annos)
          Subchapter F. Judgment and Interest

V.T.C.A., Family Code § 157.263

§ 157.263. Confirmation of Arrearages

Effective: September 1, 2011
Currentness

(a) If a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount of arrearages and render one cumulative money judgment.

(b) A cumulative money judgment includes:

(1) unpaid child support not previously confirmed;

(2) the balance owed on previously confirmed arrearages or lump sum or retroactive support judgments;

(3) interest on the arrearages; and

(4) a statement that it is a cumulative judgment.

(b-1) In rendering a money judgment under this section, the court may not reduce or modify the amount of child support arrearages but, in confirming the amount of arrearages, may allow a counterclaim or offset as provided by this title.

(c) If the amount of arrearages confirmed by the court reflects a credit to the obligor for support arrearages collected from a federal tax refund under 42 U.S.C. Section 664, and, subsequently, the amount of that credit is reduced because the refund was adjusted because of an injured spouse claim by a jointly filing spouse, the tax return was amended, the return was audited by the Internal Revenue Service, or for another reason permitted by law, the court shall render a new cumulative judgment to include as arrearages an amount equal to the amount by which the credit was reduced.

**Credits**
Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 2003, 78th Leg., ch. 610, § 4, eff. Sept. 1, 2003; Acts 2007, 80th Leg., ch. 972, § 24, eff. Sept. 1, 2007; Acts 2011, 82nd Leg., ch. 508 (H.B. 1674), § 5, eff. Sept. 1, 2011.

Notes of Decisions (54)

V. T. C. A., Family Code § 157.263, TX FAMILY § 157.263
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.

# Tab 3



CHILD SUPPORT DIVISION

# NON-CUSTODIAL PARENT'S AFFIDAVIT OF DIRECT PAYMENTS

MC:  OAG Case#: *00/1236101*

**Note:** This form is used to document child and medical support payments made **directly** to the custodial parent by the **non-custodial parent** (in any form), including payments received in the form of cash or check or from a Military Allotment, Trust Fund or Escrow Account. This excludes payments made through a county registry or State Disbursement Unit (SDU).

## Support Payments Made Directly to the Custodial Parent by the Non-Custodial Parent

- Includes Payments in the form of cash or check or from a Military Allotment, Trust Fund or Escrow Account
- Excludes Payments made through the County Registry or State Disbursement Unit (SDU)

| Date | Amount | Date | Amount | Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|---|---|---|---|
| 3/15/06 | 1,000.00 | 12/23/09 | 2,000.00 | | | | | | |
| 3/20/06 | 2,000.00 | | | | | | | | |
| 11/01/07 | 3,000.00 | | | | | | | | |
| 5/21/09 | 1,000.00 | | | | | | | | |
| 7/19/09 | 4,000.00 | | | | | | | | |
| 8/28/09 | 2,000.00 | | | | | | | | |
| 8/24/09 | 375.00 | | | | | | | | |
| 8/25/09 | 10,000.00 | | | | | | | | |
| 10/06/09 | 1,000.00 | | | | | | | | |
| 10/16/09 | 260.00 | | | | | | | | |

Cause #: **DIFM06002028**     Total of all direct payments: **$27,635.00**

I, *CARTER BRUCE* , the non-custodial parent:

- Certify that either: (Please select one of the options below)

  ☐ I have not made any support payments (in any form) directly to_____, the non-custodial parent, and any payments I made were sent through the county registry or the State Disbursement Unit (SDU) *or*

  ☒ the list of support payments provided below (including all dates and amounts) is a correct list of payments I made directly to *BROOKE BRUCE* , the custodial parent, and that these payments were not sent through the county registry or the State Disbursement Unit (SDU)

- acknowledge that I will not receive credit for any support payments listed on this form until credit for these payments is agreed to by the custodial parent or approved by the court.

- authorize and request the Office of the Attorney General of Texas to disclose this document, in its entirety, to *BROOKE BRUCE* (the person from whom the above support payments were made ) and file it with the court.

Non-Custodial Parent's Signature _____     Date: 03 /04 /2015

State of Texas
County of *Travis*

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, by *Thomas Ostmeyer* _____, this 4 day of *March* , 2015.

THOMAS OSTMEYER
Notary Public, State of Texas
My Commission Expires
February 09, 2016

Texas Government Code Chapter 559 gives you the right to review and request correction of information on this form.

November 2014     1A011o

PETITIONER'S
EXHIBIT
8



**JPMorgan**
**Private Bank**

## IMAGES FOR ACCOUNT # ████████ 2553

| | | |
|---|---|---|
| 003130003598 MAR 16 #0000005327 $1,687.40 | 000430376127 MAR 06 #0000005347 $57.00 | 000830330856 MAR 29 #0000005348 $33.00 |
| 009830849129 MAR 09 #0000005354 $100.00 | 001030505731 MAR 14 #0000005355 $223.11 | 000330695916 MAR 17 #0000005356 $380.24 |
| 000530265837 MAR 20 #0000005357 $416.30 | 000530264091 MAR 20 #0000005358 $570.66 | 003430242846 MAR 22 #0000005359 $135.31 |
| 008830266578 MAR 07 #0000005390 $560.00 | 003330420235 MAR 17 #0000005391 $196.90 | 008930014127 MAR 17 #0000005392 $1,000.00 |
| 003130663507 APR 04 #0000005394 $1,020.00 | 006630206146 MAR 21 #0000005395 $430.65 | 000830743001 MAR 21 #0000005396 $283.91 |
| 000430658377 MAR 21 #0000005397 $43.00 | 009830632587 MAR 21 #0000005398 $2,000.00 | |





# VOID

CHASE

FOR YOUR PROTECTION SAVE THIS COPY
OFFICIAL CHECK

Customer Copy

Texas

11/01/2007

Remitter  CARTER M BRUCE

$ ***********3,000.00 ***

Pay To The
Order Of   BROOKE BRUCE
           RE: OCT & NOV SUPPORT

Drawer: JPMORGAN CHASE BANK, N.A.

NON NEGOTIABLE

TERMS
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION. TO REPORT A LOSS OR FOR ANY OTHER INFORMATION
ABOUT THE INSTRUMENT, CONTACT THE INSTITUTION FROM WHICH YOU RECEIVED THE INSTRUMENT.

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK        OFFICIAL CHECK        HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

CHASE

10-88
220

Texas

Remitter  CARTER M BRUCE

Date   11/01/2007

Pay:   THREE THOUSAND DOLLARS AND 00 CENTS

$ **********3,000.00 ***

Pay To The
Order Of   BROOKE BRUCE
           RE: OCT & NOV SUPPORT

Drawer: JPMORGAN CHASE BANK, N.A.

First Vice President

Issued by Integrated Payment Systems Inc., Englewood, Colorado
To Citibank, N.A., Buffalo, NY

⑈450918⑈ ⑆022000868⑈

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
████████ 3990   CARTER M BRUCE



006380920747 MAY 22 #0000003000 $415.00

006280231599 MAY 29 #0000003031 $625.00

002080594223 MAY 29 #0000003033 $625.00



003680111903 MAY 21 #0000000000 $2,000.00

---

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
**3990 CARTER M BRUCE**

001680388485 JUL 21 #0000003103 $750.00

001680766652 JUL 21 #0000003104 $600.00

001680766653 JUL 21 #0000003105 $1,000.00

006680415982 JUL 20 #0000003106 $4,000.00

004980042925 JUL 21 #0000003107 $6,000.00

002980122551 JUL 20 #0000003108 $800.00

007580694197 JUL 22 #0000003109 $485.00

007580691439 JUL 22 #0000003110 $300.00

005930840925 ___ $1,750.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# JPMorgan

## JPMorgan Classic Checking W/Interest
███████3990    CARTER M BRUCE

004380294355 AUG 12 #0000003130 $100.00

009480018627 AUG 14 #0000003131 $200.00

003280798056 AUG 18 #0000003133 $700.00

007080108451 AUG 21 #0000003134 $1,330.00

008380268285 AUG 17 #0000003135 $650.00

006980641326 AUG 25 #0000003136 $15,000.00

006280005430 AUG 27 #0000003137 $1,129.00

005580227225 AUG 28 #0000003139 $2,000.00

006880566008 AUG 31 #0000003140 $375.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest

███████ 3990   CARTER M BRUCE

CARTER M. BRUCE
P.O. BOX 280
ROUND TOP, TX 78954
3161
DATE 8-25-09

PAY TO THE ORDER OF   Keith Davis   $ 714.00
Seven Hundred fourteen + 00/100   DOLLARS

J.P.Morgan

*Carter Bruce*

009380502496 AUG 28 #0000003141 $714.00

CARTER M. BRUCE
P.O. BOX 280
ROUND TOP, TX 78954
3143
DATE 8-25-09

PAY TO THE ORDER OF   Paul Noble   $ 450.00
Four Hundred fifty + 00/100   DOLLARS

J.P.Morgan

*Carter Bruce*

004480935185 AUG 28 #0000003143 $450.00

CARTER M. BRUCE
P.O. BOX 280
ROUND TOP, TX 78954
3144
DATE 8-25-09

PAY TO THE ORDER OF   Brooke Bruce   $ 10,000.00
Ten Thousand + 00/100   DOLLARS

J.P.Morgan

*Carter Bruce*

006880566002 AUG 31 #0000003144 $10,000.00

CHASE   WITHDRAWAL   CHECKING/SAVINGS

*Carter Bruce*

One thousand

*Carter Bruce*

TOTAL $ 1000.00

004080633772 AUG 10 #0000000000 $1,000.00

CHASE   WITHDRAWAL   CHECKING/SAVINGS

8/25/09   Carter Bruce

Five thousand

*Carter Bruce*

TOTAL $ 5000.00

009280343523 AUG 20 #0000000000 $5,000.00

CHASE   WITHDRAWAL   CHECKING/SAVINGS

8-26-09   Carter Matthew Bruce

One thousand

x *Carter Bruce*

TOTAL $ 1000.06

004580523296 AUG 28 #0000000000 $1,000.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest

▮▮▮▮3990    CARTER M BRUCE

005290262115 OCT 23 #0000003190 $1,245.00

006090423350 OCT 27 #0000003191 $196.20

005880953213 OCT 22 #0000003192 $269.71

006090423352 OCT 27 #0000003193 $1,100.00

006190912796 OCT 08 #0000003195 $1,000.00

006190897783 OCT 08 #0000003196 $500.00

001790450454 ▮▮▮03198 $600.00

003290382446 OCT 0▮ ▮▮003199 $800.00

003190939760 OCT 14 #0000003200 $600.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
███ 3990    CARTER M BRUCE



| | | |
|---|---|---|
| 005190903462 NOV 23 #0000003171 $950.00 | 003990456024 NOV 24 #0000003172 $1,500.00 | 006480718714 NOV 05 #0000003203 $1,000.00 |
| 008680419400 NOV 05 #0000003207 $260.00 | 008790021097 NOV 02 #0000003215 $50.00 | 007780518407 NOV 05 #0000003216 $3,850.00 |
| 007780518408 NOV 05 #0000003217 $800.00 | 005980600568 NOV 05 #0000003218 $2,000.00 | 00149010156 ███ 00003219 $200.00 |

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
████████ 3990    CARTER M BRUCE

| | | |
|---|---|---|
| CARTER M. BRUCE | 3250 | |
| ... 12-16-9 | | |
| PAY TO Nelda Wells Spears $1,816.83 | | |
| eighteen hundred sixteen & 83/100 | | |
| JPMorgan | | |
| 1002 Bullard | [signature] | |
| ⑈⑆ 1000⑆⑆ | | |
| 006880032290 DEC 17 #0000003250 $1,816.83 | | |

| | | |
|---|---|---|
| CARTER M. BRUCE | 3251 | |
| ... 12-29-09 | | |
| PAY TO Terry Rainbh $885.00 | | |
| eight hundred eighty five & 00/100 DOLLARS | | |
| JPMorgan | | |
| 6013 Marquesa | [signature] Bruce | |
| ⑈⑆ 1000⑆⑆ | | |
| 009290260146 DEC 29 #0000003251 $885.00 | | |

| | | |
|---|---|---|
| CARTER M. BRUCE | 3270 | |
| ... 12-21-09 | | |
| PAY TO maria Guadalupe $600.00 | | |
| Six Hundred & 00 | | |
| JPMorgan | | |
| Contract Labor | [signature] | |
| ⑈⑆ 1000⑆⑆ | 0000600000 | |
| 004390166462 DEC 28 #0000003270 $600.00 | | |

CHASE  WITHDRAWAL

12/23/09  Braz Center

$ 2,000

x [signature] Bruce

TOTAL $ 2,000.00

002180560692 DEC 23 #0000000000 $2,000.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# Tab 4

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
████████ 3990    CARTER M BRUCE

008780683283 JUL 10 #0000003093 $1,200.00

009480143256 JUL 13 #0000003094 $1,500.00

006580684303 JUL 14 #0000003095 $1,000.00

002180031336 JUL 14 #0000003096 $5,000.00

007080121049 JUL 16 #0000003097 $200.00

15 #0000003098 $1,000.00

007080772550 JUL 22 #0000003099 $1,826.78

006880149205 JUL 20 #0000003101 $900.00

002480662406 JUL 20 #0000003102 $350.00



You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.



PETITIONER'S
EXHIBIT
13

# J.P.Morgan

## JPMorgan Classic Checking W/interest
████████3990    CARTER M BRUCE

001680388486 JUL 21 #0000003103 $750.00

001680766652 JUL 21 #0000003104 $600.00

001680766653 JUL 21 #0000003105 $1,000.00

006680415982 JUL 20 #0000003106 $4,000.00

004980042925 JUL 21 #0000003107 $6,000.00

002980122551 JUL 20 #0000003108 $800.00

007580694197 JUL 22 #0000003109 $485.00

007580691439 JUL 22 #0000003110 $300.00

005930840925 JUL 24 #0000003111 $1,750.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

Primary Account: █████████3990
For the Period 7/1/09 to 7/31/09

## JPMorgan Classic Checking W/Interest
███████990    CARTER M BRUCE

004380183956 JUL 27 #0000003112 $160.00

006880549624 JUL 28 #0000003113 $541.88

006980238269 JUL 28 #0000003114 $486.43

007480142424 #0000003115 $685.00

005180166747 JUL 29 #0000003116 $142.94

006380800296 JUL 28 #0000003117 $2,280.00

006380447973 JUL 28 #0000003118 $945.22

001280387098 JUL 17 #0000000000 $400.00

004480596783 JUL 29 #0000000000 $1,000.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
████████ 3990    CARTER M BRUCE

002780023705 AUG 03 #0000003120 $281.08

002180717645 AUG 03 #0000003121 $2,400.00

005180115946 AUG 06 #0000003122 $291.50

001980253985 AUG 10 #0000003123 $4,000.00

002280423390 AUG 07 #0000003124 $291.73

004880521260 AUG 06 #0000003126 $1,000.00

004480739595 AUG 06 #0000003127 $814.96

007680832805 AUG 11 #0000003128 $20,000.00

006180990442 AUG 13 #0000003129 $2,500.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
████████3990    CARTER M BRUCE

004380294355 AUG 12 #0000003130 $100.00

009480018627 AUG 14 #0000003131 $200.00

003280798056 AUG 18 #0000003133 $700.00

007080108451 AUG 21 #0000003134 $1,330.00

008380268285 AUG 17 #0000003135 $650.00

006980641326 AUG 25 #0000003136 $15,000.00

006280005430 AUG 27 #0000003137 $1,129.00

005580227225 AUG 28 #0000003139 $2,000.00

006880566008 AUG 31 #0000003140 $375.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
████████ 3990    CARTER M BRUCE

| | | |
|---|---|---|
| CARTER M BRUCE P.O. BOX 38 ROUND TOP, TX 78954 | | 3141 |
| Keith Davis | $714.00 | |
| Seven Hundred fourteen + 00/100 | DOLLARS | |
| J.P.Morgan | | |
| Carter Bruce | | |
| ⑆111000614⑆ | | |

009380502496 AUG 28 #0000003141 $714.00

| | | |
|---|---|---|
| CARTER M BRUCE | | 3143 |
| Paul Noble | $450.00 | |
| Four Hundred fifty + 00/100 | DOLLARS | |
| J.P.Morgan | | |
| Carter Bruce | 3143 | |
| ⑆111000614⑆ | | |

004480935185 AUG 28 #0000003143 $450.00

| | | |
|---|---|---|
| CARTER M BRUCE | | 3144 |
| Brooke Bruce | $10,000.00 | |
| Ten Thousand + 00/100 | DOLLARS | |
| J.P.Morgan | | |
| Carter Bruce | 3144 | |
| ⑆111000614⑆ | | |

006880566002 AUG 31 #0000003144 $10,000.00

| | | |
|---|---|---|
| CHASE | WITHDRAWAL | CHECKING SAVINGS |
| 8/10 | Carter Bruce | |
| one thousand | | |
| Carter Bruce | | $1,000.00 |

004080633772 AUG 10 #0000000000 $1,000.00

| | | |
|---|---|---|
| CHASE | WITHDRAWAL | CHECKING SAVINGS |
| 8/20/09 | Carter Bruce | |
| Five thousand | | |
| Carter Bruce | | $5,000.00 |

009280343523 AUG 20 #0000000000 $5,000.00

| | | |
|---|---|---|
| CHASE | WITHDRAWAL | CHECKING SAVINGS |
| 8/28 | Carter Bruce | |
| One thousand | | |
| Carter Bruce | | $1,000.00 |

004580523296 AUG 28 #0000000000 $1,000.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## Deposits & Credits

| Date | Description | Amount |
|---|---|---|
| 10/05 | Funds Transferred From Prn A/C# Q72434006 To DDA A/C# ▮▮▮▮▮ 3990 Phone Instructions From Client | 10,000.00 |
| 10/13 | Funds Transferred From Prn A/C# Q72434006 To DDA A/C# ▮▮▮▮▮ 3990 As Requested | 10,000.00 |
| 10/22 | Funds Transferred From Prn A/C# Q72434006 To DDA A/C# ▮▮▮▮▮3990 As Requested | 15,000.00 |
| 10/30 | Interest Payment ▮▮▮▮▮ | 0.22 |
| **Total Deposits & Credits** | | **$35,000.22** |

## Checks Paid

| Check Number | Date Paid | Amount | Check Number | Date Paid | Amount | Check Number | Date Paid | Amount |
|---|---|---|---|---|---|---|---|---|
| 3154 | 10/05 | 290.00 | 3190 | 10/23 | 1,245.00 | 3201 | 10/20 | 80.00 |
| 3156 | 10/07 | 1,000.00 | 3191 | 10/27 | 198.20 | 3202 | 10/15 | 1,000.00 |
| 3158 | 10/26 | 600.00 | 3192 | 10/22 | 269.71 | 3205 | 10/16 | 400.00 |
| 3159 | 10/29 | 1,000.00 | 3193 | 10/27 | 1,100.00 | 3206 | 10/16 | 1,000.00 |
| 3182 | 10/06 | 1,600.00 | 3195 | 10/08 | 1,000.00 | 3208 | 10/21 | 148.00 |
| 3184 | 10/06 | 500.00 | 3196 | 10/08 | 500.00 | 3209 | 10/20 | 1,500.00 |
| 3185 | 10/08 | 720.00 | 3198 | 10/09 | 600.00 | 3211 | 10/21 | 220.00 |
| 3186 | 10/27 | 73.50 | 3199 | 10/09 | 800.00 | 3212 | 10/28 | 100.00 |
| 3188 | 10/23 | 695.00 | 3200 | 10/14 | 600.00 | 3214 | 10/20 | 5,176.71 |
| **Total Value** | | | | | | | | **($22,414.12)** |

*You can view images of the checks above at MorganOnline.com. To Enroll in Morgan Online, please contact your J.P. Morgan Team*

| Check Number | Date Paid | Description | Amount |
|---|---|---|---|
| 3183 | 10/07 | CHECK # 3183    HEB #202      CHECKPAYMT      BOC ID: HEBSTRE202 | 615.16 |
| 3187 | 10/22 | CHECK # 3187    TRIM TECH OF AUS CHECK PMTS      ARC ID: 1742760301 | 400.00 |
| 3189 | 10/23 | CHECK # 3189    ADT SECURITY SER SECURITY      ARC ID: 8860931331 | 36.79 |
| 3210 | 10/21 | CHECK # 3210    CRUMPPLUMBINGSUP PURCHASE    AUSTTX POP ID: 3383693141 | 118.43 |

# J.P.Morgan

## JPMorgan Classic Checking W/Interest

3990    CARTER M BRUCE

00219054454 ⬛⬛⬛ 00003154 $290 00

002790746295 OCT 07 #0000003156 $1,000 00

003480845087 OCT 26 #0000003158 $600.00

005190470980 OCT 29 #0000003159 $1,000.00

006390082637 OCT 06 #0000003182 $1,600 00

006890371884 OCT 06 #0000003184 $500.00

006190861187 OCT 08 #0000003185 $720 00

006C90423351 OCT 27 #0000003186 $73 50

006790841518 OCT 23 #0000003188 $695.00



You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
### 3990    CARTER M BRUCE

005290262115 OCT 23 #0000003190 $1,245.00

006090423350 OCT 27 #0000003191 $196.20

005880953213 OCT 22 #0000003192 $269.71

006090423352 OCT 27 #0000003193 $1,100.00

006190912796 OCT 08 #0000003195 $1,000.00

006190897783 OCT 08 #0000003196 $500.00

001790450454 OCT 09 #0000003198 $600.00

003290382446 OCT 09 #0000003199 $800.00

003190939760 OCT 14 #0000003200 $600.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
### 3990    CARTER M BRUCE

| | | |
|---|---|---|
| Check 3201 — 10-14-09 — $80.00 | Check 3202 — 10-20-09 — $1000.00 | Check 3205 — 10-21-09 — $400.00 |
| 001490709877 OCT 20 #0000003201 $80.00 | 006490094512 OCT 15 #0000003202 $1,000.00 | 002790993750 OCT 16 #0000003205 $400.00 |
| Check 3206 — 10-20-09 — $100.00 | Check 3208 — #366693 — 10-19-09 — $148.00 | Check 3209 — 10-19-09 — $1500.00 |
| 002990586033 OCT 16 #0000003206 $1,000.00 | 005190104239 OCT 21 #0000003208 $148.00 | 002390497426 OCT 20 #0000003209 $1,500.00 |
| Check 3211 — 10-19-09 — $220.00 | Check 3212 — 10-23-09 — $100.00 | Check 3214 — 10-17-09 — $5,176.71 |
| 005290686984 OCT 21 #0000003211 $220.00 | 008280001093 OCT 28 #0000003212 $100.00 | 003290802950 OCT 20 #0000003214 $5,176.71 |

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
### 3990   CARTER M BRUCE

006090592452 NOV 02 #0000003160 $300.00

006390428236 NOV 06 #0000003161 $1,000.00

006490476832 NOV 10 #0000003163 $600.00

001690965017 NOV 12 #0000003164 $4,000.00

007190492408 NOV 10 #0000003166 $2,000.00

002680360224 NOV 12 #0000003167 $700.00

002390582324 NOV 16 #0000003168 $1,500.00

001490696183 NOV 16 #0000003169 $500.00

007380096075 NOV 18 #0000003170 $500.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest

### 3990    CARTER M BRUCE

008580133286 NOV 09 #0000003220 $1,000.00

008780216207 NOV 19 #0000003223 $500.00

008680672077 NOV 20 #0000003224 $862.67

005190789539 NOV 19 #0000003225 $1,100.00

006190901466 NOV 19 #0000003226 $500.00

009880634278 NOV 20 #0000003227 $1,000.00

003990427576 NOV 24 #0000003228 $600.00

005990314756 NOV 23 #0000003230 $600.00

005890019405 NOV 23 #0000003231 $500.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

## JPMorgan Classic Checking W/Interest
   3990     CARTER M BRUCE

006080532598 DEC 01 #0000003175 $1,823.60

002880151195 DEC 01 #0000003177 $650.00

009880065204 DEC 07 #0000003178 $2,000.00

002180618536 DEC 23 #0000003179 $800.00

009290660739 DEC 10 #0000003233 $1,000.00

006380050231 DEC 15 #0000003234 $600.00

007690454540 DEC 22 #0000003236 $84.00

005980510293 DEC 21 #0000003237 $500.00

004390166461 DEC 28 #0000003238 $200.00

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
### 3990  CARTER M BRUCE



002280221041 DEC 09 #0000003240 $295.00



006380325753 DEC 15 #0000003241 $73.50



008190108406 DEC 10 #0000003242 $350.00



006280828300 DEC 09 #0000003243 $500.00



002780695017 DEC 09 #0000003244 $500.00



008890070945 DEC 14 #0000003245 $1,000.00



006180206532 DEC 15 #0000003246 $550.00



009990224278 DEC 31 #0000003247 $2,000.00

004490145R23 DEC 17 #0000003249 $588.00



You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

J.P.Morgan

**JPMorgan Classic Checking W/Interest**
1899 - CARTER # BRUCE

0043990166462 DEC 28 #0000003270 $500.00

0092290260146 DEC 29 #0000003251 $985.00

0069890033290 DEC 31T #0000003210 $1,816.83

CHASE

WITHDRAWAL

$ 2,000 00

CASH TO BROCK
BRUCE

0021805360692 DEC 23 #0000000000 $2,000.00

You can conveniently view your statement and front and back image of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

Page 8 of 10

# JPMorgan

## JPMorgan Classic Checking W/Interest
### 3980   CARTER M BRUCE















You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
### 3990   CARTER M BRUCE





You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# JPMorgan

## JPMorgan Classic Checking W/Interest
### 13990    CARTER M. BRUCE







You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
### 13990    CARTER M BRUCE



You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# J.P.Morgan

## JPMorgan Classic Checking W/Interest
### 3980   CARTER M BRUCE



00339093467 3 APR 01 #000000330 9 $4,500.00



00389000017 62 APR 16 #000000331 7 $300.00



00289002718 67 APR 12 #000000331 2 $840.00



00228026875 6 APR 08 #000000331 0 $2,000.00



00309034125 6 APR 28 #000000331 3 $10,050.00



00338094050 6 APR 27 #000000331 8 $154.00



00459042944 3 APR 12 #000000331 1 $990.00



00449067415 7 APR 22 #000000331 6 $172,945.00



00628031110 34 APR 20 #000000332 0 $343.43

You can conveniently view your statement and front and back images of cleared checks online. You can also sign up for a Paperless Statement, which allows you to stop receiving the paper version of your statement altogether. To enroll or for more information visit MorganOnline.com.

# Tab 5

## ITIO Bruce
### Attorney's Fees for Brooke Bruce

| | | | |
|---|---|---|---|
| K. Coble (including final trial) | 38.7 | $350/hour | $13,545.00 |
| K. Emory | 27.6 | $160/hour | $4,416.00 |
| Filing fee | | | $46.30 |
| Anticipated post trial work | 3 | $350/hour | $ 1,050.00 |
| **Total fees** | | | **$19,057.30** |



RESPONDENT'S EXHIBIT



# BARRETT COBLE AND ANDRAE

## FAMILY LAW & MEDIATION
LEADING YOU THROUGH THE MAZE OF YOUR FAMILY LAW MATTER

1301 S. Capital of Texas Hwy, Suite C-120
Austin, Texas 78746
United States
Phone: 512-477-4700
Fax: 512-482-0525
Email: info@bcafamilylaw.com

# INVOICE

Invoice # 891
Date: 12/08/2015

Brooke Bruce

## Services

| Attorney | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| KE | 10/12/2015 | Conference with K. Coble regarding discovery deadline and hearing. | 0.10 | $160.00 | $16.00 |
| KE | 10/13/2015 | Conference with K. Coble; telephone call from J. Brent regarding our appearance/substitution; prepare Notice of Lead Counsel; e-file Notice with Travis County District Clerk; receive and review e-mails from J. Richardson regarding discovery and pleadings; return e-mails to J. Richardson regarding same; review pleadings and discovery requests and calendar all deadlines. | 0.30 | $160.00 | $48.00 |
| KE | 10/19/2015 | Review file; prepare draft of client's disclosure response; receive and review response to production from C. Wood; scan and forward to client via e-mail; receive and review response to disclosure from C. Wood; scan and forward to client via e-mail for her review and comment. | 0.80 | $160.00 | $128.00 |
| KE | 10/20/2015 | Receive and review e-mail from client regarding disclosure response; telephone call to client, conference regarding discovery responses and answers to interrogatories; conference with K. Coble regarding ▓▓▓▓▓▓▓ | 0.50 | $160.00 | $80.00 |
| KE | 10/22/2015 | Begin to prepare response to request for production; review production requests; e-mail to opposing counsel regarding requests in soft form; e-mail to J. Brent regarding OAG pleadings. | 1.40 | $160.00 | $224.00 |
| KE | 10/26/2015 | Continue to prepare draft of response to production; receive and review e-mail from C. Wood regarding discovery requests; receive and review e-mail from client regarding opposing party's response and documents produced. | 1.30 | $160.00 | $208.00 |
| KE | 10/28/2015 | Conference with K. Coble regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ telephone call to client, conference regarding Motion for Enforcement not filed by OAG and ▓▓▓▓▓▓▓▓ review and revise Motion to Dismiss, Protective Order and Continuance; set motion for hearing with Court Administrator on 11/6/15; e-file motion with Travis County District Clerk; forward motion to opposing counsel and OAG via fax; scan and forward to client via e-mail. | 1.30 | $160.00 | $208.00 |
| KC | 10/28/2015 | Draft Motion to Dismiss and Motion for Protective Order; telephone conference with C. Wood regarding settlement; telephone conference with client regarding same. | 1.90 | $350.00 | $665.00 |
| KE | 10/29/2015 | Conference with K. Coble regarding admissions; review Request for Admissions; forward to client via e-mail for her review; telephone call to client, left message regarding admissions; receive and review e-mail from client | 0.50 | $160.00 | $80.00 |

BB00100

| | | regarding admissions; telephone call from client, conference regarding answering admissions; forward discovery responses to client via e-mail for her review. | | | |
|---|---|---|---|---|---|
| KC | 10/29/2015 | Finalize discovery responses. | 0.30 | $350.00 | $105.00 |
| KE | 10/30/2015 | E-mail to C. Wood regarding admissions; receive and review e-mail from C. Wood regarding deadlines; return e-mail to C. Wood regarding responses; telephone call to client, conference regarding responses due today and other documents needed; conference with client; forward response to production and disclosure to C. Wood via fax; scan and forward to client via e-mail. | 0.40 | $160.00 | $64.00 |
| KE | 11/02/2015 | Review file; receive and review e-mail from client regarding answers to admissions; prepare draft of response to admissions for K. Coble's review; review revised admissions; scan and forward to C. Wood and OAG via fax; scan and forward to client via e-mail; receive and review amended pleading and response filed by C. Wood; conference with K. Coble regarding same; scan and forward to client via e-mail for her review. | 1.50 | $160.00 | $240.00 |
| KE | 11/03/2015 | Review interrogatories; review file; begin draft of answers to interrogatories; receive and review e-mail from client ▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓ | 0.20 | $160.00 | $32.00 |
| KE | 11/04/2015 | Conference with K. Coble; prepare exhibits for hearing; review and compare amended pleading with original pleading for relief requested; prepare draft of answers to interrogatories; telephone call to client, conference regarding answers for her to complete; conference with K. Coble regarding enforcement motion. | 1.90 | $160.00 | $304.00 |
| KE | 11/05/2015 | Receive and review e-mail from client regarding ▓▓▓▓▓▓▓; receive and review e-mail ▓▓▓▓▓▓▓▓▓▓▓ | 1.80 | $160.00 | $288.00 |
| KC | 11/05/2015 | Review and revise interrogatories and Motion for Enforcement. | 0.30 | $350.00 | $105.00 |
| KC | 11/06/2015 | Hearing on Motion to Dismiss; settlement negotiations; meeting with client regarding ▓▓▓▓▓▓▓▓▓▓ | 4.00 | $350.00 | $1,400.00 |
| KE | 11/06/2015 | Receive and review e-mail from client regarding her answers to interrogatories; conference with K. Coble; forward answers to interrogatories to C. Wood and OAG via fax; scan and forward to client via e-mail for her file; conference with K. Coble regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓ | 0.50 | $160.00 | $80.00 |
| KE | 11/11/2015 | Conference with K. Coble regarding discovery supplementation; prepare draft of supplemental production response for K. Coble's review; bates stamp documents for production; forward response and supplemental production documents to C. Wood and OAG via fax; scan and forward to client via e-mail. | 0.40 | $160.00 | $64.00 |
| KE | 11/20/2015 | Telephone call from client, conference regarding status and follow-up with C. Wood. | 0.10 | $160.00 | $16.00 |
| KE | 11/30/2015 | Conference with K. Coble regarding hearing and conference with C. Wood; telephone call to C. Wood's office, set up conference with her and K. Coble; conference with K. Coble; review pretrials from C. Wood; prepare draft of client's pretrials; e-file pretrials; forward to OAG and C. Wood via fax; scan and forward C. Bruce's pretrials and client's to client via e-mail. | 0.60 | $160.00 | $96.00 |

| | | | |
|---|---|---|---|
| Quantity Subtotal | 20.1 | | |
| | Services Subtotal | | $4,451.00 |

## Expenses

| Type | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Expense | 11/05/2015 | Travis County e-filing fee for Motion for Enforcement. | 1.00 | $46.30 | $46.30 |
| | | | Expenses Subtotal | | $46.30 |

| | | | |
|---|---|---|---|
| Quantity Total | 20.1 | | |
| | Subtotal | | $4,497.30 |

BB00101

| | |
|---|---|
| Total | $4,497.30 |
| Payment (12/12/2015) | -$1,500.00 |
| Balance Owing | $2,997.30 |

## Statement of Account

| | Outstanding Balance | | New Charges | | Amount In Trust | | Payments Received | | Total Amount Outstanding |
|---|---|---|---|---|---|---|---|---|---|
| ( | $0.00 | + | $4,497.30 | ) - ( | $0.00 | + | $1,500.00 | ) = | $2,997.30 |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 891 | 12/08/2015 | $4,497.30 | $1,500.00 | $2,997.30 |
| | | | Outstanding Balance | $2,997.30 |
| | | | Amount In Trust | $0.00 |
| | | | Total Amount Outstanding | $2,997.30 |

### BCA IOLTA account

| Date | Type | Description | Matter | Receipts | Payments | Balance |
|---|---|---|---|---|---|---|
| 10/14/2015 | | Initial retainer | 00174-Bruce | | $1,500.00 | $1,500.00 |
| 12/12/2015 | | Payment for Invoice #891 | 00174-Bruce | $1,500.00 | | $0.00 |
| | | | BCA IOLTA account Balance | | $0.00 | |

Please make all amounts payable to: Barrett Coble and Andrae, PLLC

To submit a payment online, please go to:
https://secure.lawpay.com/pages/andraecobleplic/operating

Payment is due upon receipt.

BB00102



# BARRETT COBLE AND ANDRAE

## FAMILY LAW & MEDIATION
LEADING YOU THROUGH THE MAZE OF YOUR FAMILY LAW MATTER

1301 S. Capital of Texas Hwy, Suite C-120
Austin, Texas 78746
United States
Phone: 512-477-4700
Fax: 512-482-0525
Email: info@bcafamilylaw.com

# INVOICE

Invoice # 940
Date: 12/12/2015

Brooke Bruce

| Attorney | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| KE | 12/01/2015 | Telephone call from client, conference regarding ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ conference with K. Coble regarding ▇▇▇▇ ▇▇▇▇ | 0.20 | $160.00 | $32.00 |
| KE | 12/02/2015 | Conference with K. Coble regarding conversation with C. Wood and Motion to Compel the health insurance documents. | 0.10 | $160.00 | $16.00 |
| KE | 12/03/2015 | Receive and review Motion to Compel from C. Wood; receive and review e-mail from client; return e-mail to client; telephone call from client, conference regarding conversation with K. Coble and C. Wood. | 0.10 | $160.00 | $16.00 |
| KE | 12/04/2015 | Receive and review production documents from C. Wood; forward to client via e-mail for her review; forward Motion to Compel to client via e-mail. | 0.20 | $160.00 | $32.00 |
| KE | 12/07/2015 | Telephone call from client, conference regarding hearing; conference with K. Coble regarding same; telephone call to client, conference regarding hearing; e-mail to client ▇▇▇▇▇▇▇▇▇▇ | 0.30 | $160.00 | $48.00 |
| KE | 12/08/2015 | Conference with K. Coble; hearing preparation; telephone call to client, conference regarding hearing and conference with K. Coble this afternoon; review audio files from opposing party's production; listen to voice mails from opposing party's production; receive and review e-mail from C. Wood regarding passing hearing tomorrow; forward to client. | 0.90 | $160.00 | $144.00 |
| KC | 12/08/2015 | Telephone conference with client regarding ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ revise spreadsheet for enforcement hearing. | 1.10 | $350.00 | $385.00 |
| KE | 12/09/2015 | Conference with K. Coble; scan, organize and bates stamp discovery production; upload to Drop box; prepare supplemental response to C. Wood; forward response to C. Wood and OAG via fax; forward to client via e-mail; forward supplemental production to C. Wood and OAG via e-mail; forward to client; conference with K. Coble regarding trial exhibits. | 1.10 | $160.00 | $176.00 |
| KC | 12/09/2015 | Review health insurance documents; revise spreadsheet to reflect health insurance premiums. | 0.40 | $350.00 | $140.00 |
| KE | 12/10/2015 | Review file; review production; prepare exhibits for trial on Monday; conference with K. Coble; review opposing party's production documents for exhibits for hearing; conference with K. Coble regarding ▇▇▇▇▇▇▇▇▇ | 1.40 | $160.00 | $224.00 |
| KC | 12/10/2015 | Meeting with client ▇▇▇▇▇▇ | 2.20 | $350.00 | $770.00 |
| KE | 12/11/2015 | Receive and review e-mail from J. Richardson regarding substitution order; conference with K. Coble; return e-mail to J. Richardson. | 0.10 | $160.00 | $16.00 |

BB00103

| | | | | | | |
|---|---|---|---|---|---|---|
| KC | 12/11/2015 | Trial preparation. | | 0.50 | $350.00 | $175.00 |
| KC | 12/12/2015 | Trial preparation. | | 1.10 | $350.00 | $385.00 |
| KC | 12/14/2015 | Final trial. | | 8.00 | $350.00 | $2,800.00 |

| | | |
|---|---|---|
| Quantity Subtotal | 17.7 | |
| Quantity Total | 17.7 | |
| | Subtotal | $5,359.00 |
| | Total | $5,359.00 |

## Statement of Account

| Outstanding Balance | | New Charges | | Amount in Trust | | Payments Received | | Total Amount Outstanding |
|---|---|---|---|---|---|---|---|---|
| ( $2,997.30 | + | $5,359.00 | ) - ( | $0.00 | + | $0.00 | ) = | $8,356.30 |

## Detailed Statement of Account

### Other Invoices

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 891 | 12/08/2015 | $4,497.30 | $1,500.00 | $2,997.30 |

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 940 | 12/12/2015 | $5,359.00 | $0.00 | $5,359.00 |

| | |
|---|---|
| Outstanding Balance | $8,356.30 |
| Amount in Trust | $0.00 |
| Total Amount Outstanding | $8,356.30 |

### BCA IOLTA account

| Date | Type | Description | Matter | Receipts | Payments | Balance |
|---|---|---|---|---|---|---|
| 10/14/2015 | | Initial retainer | 00174-Bruce | | $1,500.00 | $1,500.00 |
| 12/12/2015 | | Payment for Invoice #891 | 00174-Bruce | $1,500.00 | | $0.00 |
| | | BCA IOLTA account Balance | | $0.00 | | |

Please make all amounts payable to: Barrett Coble and Andrae, PLLC

To submit a payment online, please go to:
https://secure.lawpay.com/pages/andraecobleplic/operating

Payment is due upon receipt.

BB00104

# BARRETT COBLE AND ANDRAE

## FAMILY LAW & MEDIATION
LEADING YOU THROUGH THE MAZE OF YOUR FAMILY LAW MATTER

1301 S. Capital of Texas Hwy, Suite C-120
Austin, Texas 78746
Phone: 512-477-4700
Fax: 512-482-0525
Email: info@bcafamilylaw.com

# INVOICE

Invoice # 951
Date: 01/07/2016

Brooke Bruce

| Attorney | Date | Description | | | Quantity | Rate | Total |
|---|---|---|---|---|---|---|---|
| JW | 12/10/2015 | Meet with | | | 0.20 | $225.00 | $45.00 |
| JW | 12/11/2015 | Research | | | 1.00 | $225.00 | $225.00 |
| KE | 12/14/2015 | Conference with | | | 0.10 | $160.00 | $16.00 |
| KE | 12/16/2015 | Conference with scan prepare | | review | 0.90 | $160.00 | $144.00 |
| KC | 12/15/2015 | Telephone conference with | | | 0.50 | $350.00 | $175.00 |
| KE | 12/17/2015 | Review forward | revise forward | | 0.50 | $160.00 | $80.00 |
| KE | 12/18/2015 | Conference with prepare | revise | review | 0.70 | $160.00 | $112.00 |

| | | Quantity Subtotal | 3.9 |
|---|---|---|---|
| | | Quantity Total | 3.9 |

| | |
|---|---|
| Subtotal | $797.00 |
| Total | $797.00 |

## Statement of Account

| Outstanding Balance | | New Charges | | Amount in Trust | | Payments Received | | Total Amount Outstanding |
|---|---|---|---|---|---|---|---|---|
| ( $8,356.30 | + | $797.00 | ) - ( | $0.00 | + | $0.00 | ) = | $9,153.30 |

## Detailed Statement of Account

## Other Invoices

BB00139

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 891 | 12/08/2015 | $4,497.30 | $1,500.00 | $2,997.30 |
| 940 | 12/12/2015 | $5,359.00 | $0.00 | $5,359.00 |

## Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 951 | 01/07/2016 | $797.00 | $0.00 | $797.00 |

| | |
|---|---|
| Outstanding Balance | $9,153.30 |
| Amount In Trust | $0.00 |
| Total Amount Outstanding | $9,153.30 |

## BCA IOLTA account

| Date | Type | Description | Matter | Receipts | Payments | Balance |
|---|---|---|---|---|---|---|
| 10/14/2015 | | Initial retainer | 00174-Bruce | | $1,500.00 | $1,500.00 |
| 12/12/2015 | | Payment for invoice #891 | 00174-Bruce | $1,500.00 | | $0.00 |
| | | | BCA IOLTA account Balance | | $0.00 | |

Please make all amounts payable to: Barrett Coble and Andrae, PLLC

To submit a payment online, please go to:
https://secure.lawpay.com/pages/andraecobleplic/operating

Payment is due upon receipt.

BB00140

# BARRETT COBLE AND ANDRAE

## FAMILY LAW & MEDIATION

LEADING YOU THROUGH THE MAZE OF YOUR FAMILY LAW MATTER

1301 S. Capital of Texas Hwy, Suite C-120
Austin, Texas 78746
Phone: 512-477-4700
Fax: 512-482-0525
Email: info@bcafamilylaw.com

# INVOICE

Invoice # 951
Date: 01/07/2016

Brooke Bruce

| Attorney | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| JW | 12/10/2015 | Meet with K. Coble ████████████████████ | 0.20 | $225.00 | $45.00 |
| JW | 12/11/2015 | Research case law on issue of Court's authority to offset direct payments for hearing. | 1.00 | $225.00 | $225.00 |
| KE | 12/14/2015 | Conference with K. Coble regarding setting. | 0.10 | $160.00 | $16.00 |
| KE | 12/15/2015 | Conference with K. Coble regarding supplementation of discovery; review and organize file; scan and upload discovery supplementation for client's response; prepare supplemental response to production. | 0.90 | $160.00 | $144.00 |
| KC | 12/15/2015 | Telephone conference with client. | 0.50 | $350.00 | $175.00 |
| KE | 12/17/2015 | Review, upload and bates stamp supplemental production; revise response to production; forward response to C. Wood and OAG via fax; forward supplemental production to C. Wood, OAG and client via e-mail. | 0.50 | $160.00 | $80.00 |
| KE | 12/18/2015 | Conference with K. Coble; revise spreadsheet for amended motion; review decree; prepare draft of amended motion for enforcement. | 0.70 | $160.00 | $112.00 |

| | | Quantity Subtotal | 3.9 | | |
|---|---|---|---|---|---|
| | | Quantity Total | 3.9 | | |
| | | | | Subtotal | $797.00 |
| | | | | Total | $797.00 |

## Statement of Account

| | Outstanding Balance | | New Charges | | Amount in Trust | | Payments Received | | Total Amount Outstanding |
|---|---|---|---|---|---|---|---|---|---|
| ( | $8,356.30 | + | $797.00 | ) - ( | $0.00 | + | $0.00 | ) = | $9,153.30 |

## Detailed Statement of Account

## Other Invoices

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 891 | 12/08/2015 | $4,497.30 | $1,500.00 | $2,997.30 |
| 940 | 12/12/2015 | $5,359.00 | $0.00 | $5,359.00 |

## Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 951 | 01/07/2016 | $797.00 | $0.00 | $797.00 |

| | |
|---|---|
| Outstanding Balance | $9,153.30 |
| Amount in Trust | $0.00 |
| Total Amount Outstanding | $9,153.30 |

## BCA IOLTA account

| Date | Type | Description | Matter | Receipts | Payments | Balance |
|---|---|---|---|---|---|---|
| 10/14/2015 | | Initial retainer | 00174-Bruce | | $1,500.00 | $1,500.00 |
| 12/12/2015 | | Payment for invoice #891 | 00174-Bruce | $1,500.00 | | $0.00 |
| | | BCA IOLTA account Balance | | | $0.00 | |

Please make all amounts payable to: Barrett Coble and Andrae, PLLC

To submit a payment online, please go to:
https://secure.lawpay.com/pages/andraecobleplc/operating

Payment is due upon receipt.



## BARRETT COBLE AND ANDRAE

### FAMILY LAW & MEDIATION
LEADING YOU THROUGH THE MAZE OF YOUR FAMILY LAW MATTERS

1301 S. Capital of Texas Hwy, Suite C-120
Austin, Texas 78746
Phone: 512-477-4700
Fax: 512-482-0525
Email: info@bcafamilylaw.com

# INVOICE

Invoice # 998
Date: 02/05/2016

Brooke Bruce



| Attorney | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| KE | 01/04/2016 | Receive and review ███ forward to ███ ; receive and review ███ ; telephone call from ███ conference with ███ e-mail to ███ telephone call to ███ receive and review ███ revise ███ conference with ███ ; forward ███ forward ███ forward ███ e-file ███ | 0.90 | $160.00 | $144.00 |
| KC | 01/04/2016 | Draft ███ | 0.80 | $350.00 | $280.00 |
| KE | 01/05/2016 | Scan and forward ███ | 0.10 | $160.00 | $16.00 |
| KE | 01/08/2016 | Receive and review ███ forward to ███ | 0.10 | $160.00 | $16.00 |
| KE | 01/12/2016 | Conference with ███ | 0.10 | $160.00 | $16.00 |
| KE | 01/19/2016 | Conference with ███ review ███ revise ███ forward ███ e-file ███ receive and review ███ receive and review ███ scan and forward ███ | 0.70 | $160.00 | $112.00 |
| KE | 01/20/2016 | Receive and review ███ scan and forward ███ | 0.10 | $160.00 | $16.00 |
| KE | 01/22/2016 | Receive and review ███ return ███ | 0.10 | $160.00 | $16.00 |
| KE | 01/25/2016 | Conference with ███ prepare draft ███ forward to ███ ; prepare ███ forward to ███ review file ███ s; prepare ███ receive and review s ███ forward to ███ | 0.80 | $160.00 | $128.00 |
| KE | 01/26/2016 | Conference with ███ | 0.10 | $160.00 | $16.00 |
| KE | 01/28/2016 | Conference with ███ | 0.10 | $160.00 | $16.00 |

BB00141

| | | | | | | |
|---|---|---|---|---|---|---|
| KC | 01/28/2016 | Telephone conference with ▮▮▮▮ review s▮▮▮▮ | | 0.60 | $350.00 | $210.00 |
| KE | 01/29/2016 | Hearing preparation; conference with▮▮▮ | | 0.50 | $160.00 | $80.00 |

| | | |
|---|---|---|
| Quantity Subtotal | 5.0 | |
| Quantity Total | 5.0 | |
| Subtotal | | $1,066.00 |
| Total | | $1,066.00 |

## Statement of Account

| | Outstanding Balance | | New Charges | | Amount in Trust | | Payments Received | | Total Amount Outstanding |
|---|---|---|---|---|---|---|---|---|---|
| ( | $9,153.30 | + | $1,066.00 | ) - ( | $0.00 | + | $0.00 | ) = | $10,219.30 |

## Detailed Statement of Account

### Other Invoices

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 891 | 12/08/2015 | $4,497.30 | $1,500.00 | $2,997.30 |
| 940 | 12/12/2015 | $5,359.00 | $0.00 | $5,359.00 |
| 951 | 01/07/2016 | $797.00 | $0.00 | $797.00 |

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 998 | 02/05/2016 | $1,066.00 | $0.00 | $1,066.00 |

| | |
|---|---|
| Outstanding Balance | $10,219.30 |
| Amount in Trust | $0.00 |
| Total Amount Outstanding | $10,219.30 |

### BCA IOLTA account

| Date | Type | Description | Matter | Receipts | Payments | Balance |
|---|---|---|---|---|---|---|
| 10/14/2015 | Initial retainer | | 00174-Bruce | | $1,500.00 | $1,500.00 |
| 12/12/2015 | Payment for Invoice #891 | | 00174-Bruce | $1,500.00 | | $0.00 |

| | |
|---|---|
| BCA IOLTA account Balance | $0.00 |

Please make all amounts payable to: Barrett Coble and Andrae, PLLC

To submit a payment online, please go to:
https://secure.lawpay.com/pages/andraecobleplic/operating

Payment is due upon receipt.

BB00142

BB00143



## BARRETT COBLE AND ANDRAE

### FAMILY LAW & MEDIATION

LEADING YOU THROUGH THE MAZE OF YOUR FAMILY LAW MATTER

1301 S. Capital of Texas Hwy, Suite C-120
Austin, Texas 78746
United States
Phone: 512-477-4700
Fax: 512-482-0525
Email: info@bcafamilylaw.com

# INVOICE

Invoice # 1055
Date: 02/26/2016

Brooke Bruce

| Attorney | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| KC | 02/01/2016 | ▓▓trial. | 5.70 | $350.00 | $1,995.00 |
| KE | 02/02/2016 | Conference with ▓▓▓▓▓▓▓▓ receive and review ▓▓ | 0.10 | $160.00 | $16.00 |
| KE | 02/03/2016 | Receive and review ▓▓▓▓ receive and review ▓▓▓▓▓▓ scan and forward ▓▓▓ conference with ▓▓▓ | 0.20 | $160.00 | $32.00 |
| KE | 02/08/2016 | Conference with ▓▓▓ review ▓▓▓ telephone call to ▓▓▓, revise ▓▓ revise ▓▓▓ receive and review d▓▓ | 0.90 | $160.00 | $144.00 |
| KE | 02/11/2016 | Receive and review ▓▓▓ prepare letter ▓▓▓ | 0.30 | $160.00 | $48.00 |
| KE | 02/12/2016 | Conference with ▓▓▓ | 0.10 | $160.00 | $16.00 |
| KE | 02/16/2016 | Receive and review ▓▓▓ scan and forward ▓▓▓ prepare ▓▓ e-file ▓▓ e-file ▓▓▓ forward ▓▓▓ scan and forward to ▓▓ | 0.60 | $160.00 | $96.00 |
| KC | 02/16/2016 | Review ▓▓▓ revise ▓▓▓ | 0.40 | $350.00 | $140.00 |
| KE | 02/24/2016 | Prepare ▓▓▓ fax ▓▓▓ conference with ▓▓ | 0.20 | $160.00 | $32.00 |
| KE | 02/25/2016 | Review ▓▓ prepare ▓▓▓ revise ▓▓ redact ▓▓ forward ▓▓ conference with ▓▓ e-mail to ▓▓ telephone call to ▓▓ | 1.10 | $160.00 | $176.00 |
| KE | 02/26/2016 | Review ▓▓ preparation. | 0.30 | $160.00 | $48.00 |
| KC | 02/26/2016 | Meeting with ▓▓▓ preparation; telephone conference ▓▓▓ | 3.60 | $350.00 | $1,260.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| KC | 02/29/2016 | Final ▮▮▮ | | 8.00 | $350.00 | $2,800.00 |

| | |
|---|---|
| Quantity Subtotal | 21.5 |
| Quantity Total | 21.5 |
| Subtotal | $6,803.00 |
| Total | $6,803.00 |

## Statement of Account

| Outstanding Balance | | New Charges | | | Amount in Trust | | Payments Received | | Total Amount Outstanding |
|---|---|---|---|---|---|---|---|---|---|
| ( $10,219.30 | + | $6,803.00 | ) - ( | | $0.00 | + | $0.00 | ) = | $17,022.30 |

## Detailed Statement of Account

### Other Invoices

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 891 | 12/08/2015 | $4,497.30 | $1,500.00 | $2,997.30 |
| 940 | 12/12/2015 | $5,359.00 | $0.00 | $5,359.00 |
| 951 | 01/07/2016 | $797.00 | $0.00 | $797.00 |
| 998 | 02/05/2016 | $1,066.00 | $0.00 | $1,066.00 |

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 1055 | 02/26/2016 | $6,803.00 | $0.00 | $6,803.00 |

| | |
|---|---|
| Outstanding Balance | $17,022.30 |
| Amount in Trust | $0.00 |
| Total Amount Outstanding | $17,022.30 |

### BCA IOLTA account

| Date | Type | Description | Matter | Receipts | Payments | Balance |
|---|---|---|---|---|---|---|
| 10/14/2015 | | Initial retainer | 00174-Bruce | | $1,500.00 | $1,500.00 |
| 12/12/2015 | | Payment for invoice #891 | 00174-Bruce | $1,500.00 | | $0.00 |

| | |
|---|---|
| BCA IOLTA account Balance | $0.00 |

Please make all amounts payable to: Barrett Coble and Andrae, PLLC

To submit a payment online, please go to:
https://secure.lawpay.com/pages/andraecoblepllc/operating

Payment is due upon receipt.